418 A.2d 378

**COMMONWEALTH of Pennsylvania**

v.

**Gregory P. NEAL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed Jan. 11, 1980.

226

John P. Dohanich, Assistant Public Defender, Beaver, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

CERCONE, President Judge:

Appellant, Gregory P. Neal, takes this appeal from his conviction on May 4, 1977 for robbery. Appellant now asks this court to reverse his conviction, arguing that the lower court erred when it, *sua sponte* amended the indictment describing appellant's alleged offense so that the indictment conformed to the evidence produced by the Commonwealth at trial. We find appellant's argument to be sound and for the reasons which follow, we reverse.

On November 12, 1975, the grand jury of Beaver County returned an indictment against appellant charging that on July 19, 1975 appellant "did in the course of committing a theft, feloniously commit or threaten immediately to commit a felony of the first or second degree."[1] The language used by the Grand Jury in describing appellant's alleged offense follows word for word the language of subsection (iii) of the robbery section found in the Crimes Code, 18 Pa.C.S.A.

[1] See 18 Pa.C.S.A. § 106(b)(2 & 3) describing classes of offenses.

§ 3701(a)(1)(iii). However, at trial the Commonwealth did not prove that appellant threatened or committed a felony of the first or second degree in the course of committing a theft. Rather, the Commonwealth offered evidence which would prove that appellant, in the course of committing a theft, threatened another with or intentionally put another in fear of immediate serious bodily injury.[2] This evidence, if accepted by the fact finder, would prove that appellant violated subsection (ii), not subsection (iii), of Section 3701.

In relevant part, the offense of robbery is defined in the Crimes Code thusly:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(iii) commits or threatens immediately to commit any felony of the first or second degree.[3]

The trial judge, realizing that there was a variance between the contents of the indictment and the proof adduced at trial, charged the jury according to the laws as set forth under subsection (ii), which met with the evidence produced by the Commonwealth. Defense counsel objected to this amendment, which objection was overruled by the lower court. The jury found appellant guilty of robbery.

Appellant argues that the amendment to the indictment made by the trial court resulted in his being charged with a different offense because the elements of subsection (ii) and of subsection (iii) are not the same. Appellant contends that such an amendment violates Pa.R.Crim.P. Rule 220 which, in pertinent part, reads,

2. According to the testimony at trial, appellant and two other men held up a gas station at gun point on July 22, 1975 in Beaver Falls, Pennsylvania.

3. The Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3701(a)(1)(iii). This section has since been amended by the Act of June 24, 1976, P.L. 425, No. 102, § 1, 18 Pa.C.S.A. § 3701 (Supp. 1979), but in relevant part it reads the same as it did at the time of appellant's trial.

> "The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense." [4]

In further support of his position, appellant cites *Commonwealth v. Bruce*, 230 Pa.Super. 507, 326 A.2d 628 (1974). We find the *Bruce* case applicable to appellant's situation and we are persuaded by appellant's arguments.

In *Bruce*, the accused was indicted for forcible entry and burglary with the intent to commit larceny. The trial judge, sitting without a jury, found the accused guilty of both charges. However, after announcing the verdict, the trial judge permitted the Commonwealth to amend the indictment to allege burglary with the intent to commit murder, whereupon defendant Bruce appealed to this court. We reversed, saying,

> "[T]he variance between the original and the amended indictments was both substantive and prejudicial. . . While both offenses are felonies and each satisfies one element of the crime of burglary, each felony has a different element and requires the proof of different facts. See Pennsylvania Rules of Criminal Procedure Rule 220. . . . It must also be noted that defenses to the crime of larceny are different from the defenses available to the crime of intent to commit murder. In essence, appellant was sentenced on an offense construed in the courtroom and not upon a bill returned by the Grand Jury." 230 Pa.Super. at 510, 326 A.2d at 629.

A similar situation exists in appellant's case. Here, both the original and amended indictments describe acts which come within the ambit of the broad definition of robbery in the Crimes Code. Nevertheless, the original and amended indictments cannot be said to have charged the same particular offense, as each indictment would require the proof of

---

**4.** See also *Commonwealth v. Jones*, 250 Pa.Super. 471, 378 A.2d 1245 (1977); *Commonwealth v. Bruce*, 230 Pa.Super. 507, 326 A.2d 628 (1974); *Commonwealth v. Brown*, 229 Pa.Super. 67, 323 A.2d 845 (1974).

different elements. Subsection (ii) and subsection (iii) of Section 3701 are not interchangeable, because subsection (iii) involves the threat of a felony of the first or second degree, and subsection (ii) does not. In the instant case, the indictment charged appellant with having threatened or committed a felony of the first or second degree, yet the Commonwealth failed to produce evidence supporting the charge at trial. Under these facts, *Commonwealth v. Bruce, supra,* controls. In *Bruce,* as in the instant case, the general offense charged was the same in both the original and amended indictments (burglary in *Bruce* and robbery in the instant case). Nevertheless, in *Bruce* we held that the amendment was one of substance because the specific criminal offense charged was different in each indictment. We reach the same conclusion in appellant's case. Accordingly, we reverse.

The judgment of sentence is reversed, the verdict of guilty of robbery is vacated, and appellant discharged.

HOFFMAN, J., concurs in the result.

VAN der VOORT, J., dissents:

JACOBS, former President Judge, did not participate in the consideration or decision of this case.