591 A.2d 1122

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Bradley Lee KOPP, Appellant.**

Superior Court of Pennsylvania.

Argued April 3, 1991.

Filed May 31, 1991.

112

Kenneth L. Eckard, York, for appellant.

John W. Thompson, Jr., Asst. Dist. Atty., York, for Com., appellee.

Before JOHNSON, HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed upon Appellant after he was found guilty, at the conclusion of a jury trial, of aggravated assault, attempted aggravated assault, recklessly endangering another person, firearms violation and criminal mischief. Timely filed post-verdict motions were denied by the trial court and Appellant was sentenced to an aggregate sentence of eight (8) to sixteen (16) years imprisonment. This direct appeal followed. We reverse the judgment of sentence and discharge Appellant as to the aggravated assault charge and remand for resentencing on the charges of attempted aggravated assault.

The facts may be summarized as follows: In the early morning hours of May 15, 1988, Officer W.W. Smith of the West Manchester Township Police Department followed Appellant to his residence in the City of York in order to effectuate a traffic stop for suspicion of driving under the influence. Appellant exited the vehicle, pulled out a .357 magnum revolver, and started yelling obscenities at Officer Smith and other officers who had arrived at the scene. At this time, Appellant pointed the gun directly at Officer Smith and stated, "I got your head." (N.T. 1/9/89 at p. 21). Appellant then continued to scream obscenities at the police and then shot the gun in the air. He then approached the vehicle which Officer Smith and another officer were standing alongside and pointed the gun at them stating, "I see your head, I see your head." (N.T. 1/9/89 at p. 21–22).

Appellant continued his verbal barrage directed toward the police officers. Appellant then discharged the revolver into two police vehicles. While Appellant was shooting at the vehicles, a police officer, Gerald Williams, was struck by a bullet which ricocheted off of the pavement. Appellant next re-entered his vehicle and began ramming several of the police cars at the scene until the police disabled the car by shooting out its tires. Appellant then exited his vehicle, with the gun still in his hand, and pointed it toward the police, screaming obscenities. Appellant returned to his residence where he remained for several hours before surrendering to the police.

Numerous counts were filed against Appellant as a result of the incident which involved a total of nine police officers who were present at the scene. Prior to trial, Appellant requested a bill of particulars regarding the crimes with which he was charged. Specifically, Appellant requested that the Commonwealth state "[T]he particular subsections the Commonwealth intends to prosecute the charge of Aggravated Assault." The Commonwealth responded to this request by citing to 18 Pa.C.S.A. § 2702(a)(3) and (4).[1]

1. The statute governing aggravated assault provides in pertinent part:
 (a) Offense defined.—A person is guilty of aggravated assault if he:

At trial, the Commonwealth's evidence consisted of testimony from Officer Williams and several other police officers who were at the scene. The Commonwealth also presented Officer Williams' treating physician who testified to the "serious bodily injury" sustained by the officer. Appellant demurred at the close of the Commonwealth's case. The trial court entertained the demurrer in chambers after the jury had been dismissed for the day. Counsel for Appellant stated as follows:

With respect to Officer Williams, I would demur to the Commonwealth's case, in that the Commonwealth has failed to show that his injuries were the result of an intentional or knowing action on the part of [Appellant], or that it was an attempt on the part of [Appellant] to injure the police officer, that being Officer Williams. (N.T. 1/9/89 at p. 130).

The Commonwealth responded by stating its belief that the assault fell within that subsection of § 2702 which deals with recklessness under circumstances manifesting extreme indifference to the value of human life. Counsel for Appellant then stated that it was his understanding, from the response to the request for a bill of particulars, that the case involved the attempt to cause or intentionally or knowingly cause bodily injury as enumerated in subsection (3) and (4) of the aggravated assault statute rather than the standard enumerated by the Commonwealth and found at § 2702(a)(1). While recognizing that the theory now posed by the Commonwealth violated the bill of particulars filed in the case, the trial court, after noting that the criminal information filed against Appellant included all four subsec-

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer ...;
(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer ...;
(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon; ...
18 Pa.C.S.A. § 2702(a)(1)–(4).

tions of the statute, allowed the case to go to the jury under § 2702(a)(1) and (2).

On appeal, the Appellant initially complains that the trial court erred in overruling his demurrer, especially in light of the Commonwealth's bill of particulars. More specifically, Appellant claims that the response to the request for a bill of particulars led him to fashion his cross-examination in an effort to establish that his actions were merely reckless, as opposed to intentional or knowing. He also claims that he was surprised and thus unprepared to present expert testimony with respect to the nature of the wounds suffered by Officer Williams in an attempt to rebut the allegations of serious bodily injury.

The function and purpose of a bill of particulars, as recently explained by this Court, is as follows:

A motion for a bill of particulars does not question the sufficiency of an indictment or information, but, rather assumes its validity. It does not become part of the indictment or information, and therefore can neither remedy a defective indictment or information, nor render an indictment or information good on its face demurrable. The function of a bill of particulars, rather, is to give notice to the accused of the offense charged in order to permit him to prepare a defense, avoid surprise, and be placed on notice as to any restrictions upon the Commonwealth's proof.

Where the bill of particulars is broader than the actual evidence at trial, there is no error; conversely, however, where the bill of particulars specifically limits proof to be adduced at trial to specific acts, the Commonwealth is not permitted to obtain a conviction on the offense charged by proof of acts other than those specified in the bill. (citations omitted).

*Commonwealth v. March*, 380 Pa.Super. 64, 70–71, 551 A.2d 232, 235–36 (1988), *alloc. den'd* in 524 Pa. 595, 568 A.2d 1246 (1989). Applying these standards to the present case, in order to obtain the conviction for the aggravated assault of Officer Williams, the Commonwealth was re-

stricted to proving that Appellant attempted to cause or intentionally or knowingly caused bodily injury to either a police officer while he or she was performing his or her duty, or to another person by use of a deadly weapon. The Commonwealth did not restrict its proof at trial in this manner.[2] Thus, we conclude that the trial court erred in allowing the case to go to the jury, after Appellant's demurrer to the Commonwealth's proof of § 2702(a)(3) and (4), under § 2702(a)(1) and (2).

While we are unable to discover a case precisely on point with the procedure and facts of the present case, we conclude that the effect of the trial court's decision to allow the Commonwealth to proceed under § 2702(a)(1) and (2) is analogous to the effect caused by the trial court's permitting the Commonwealth to amend its information, after trial began, in *Commonwealth v. Neal*, 274 Pa.Super. 225, 418 A.2d 378 (1980) (plurality).[3] In *Neal*, the indictment charged the defendant with robbery, 18 Pa.C.S.A. § 3701(a)(1)(iii), and the trial court subsequently charged the jury on robbery, § 3701(a)(1)(ii). These two robbery sections contain different elements to be proven and thus resulted in a substantive change of the elements of the crime. This Court held that it was error to permit this amendment in that it prejudiced the defendant. A substantive amendment to an information is one that changes the nature or grade of the offense charged. *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979). In *Neal*, both the grade and the elements of the robbery charge were

2. At oral argument, the Commonwealth stated that it interpreted the specific question in the bill of particulars as one that concerned all of the nine police officers who were at the crime scene. The Commonwealth did not state this understanding in its brief, and consequently the argument has not been developed on appeal. Upon reviewing the bill of particulars, while we note that the specific question did not name Officer Williams, it did deal with a singular charge of aggravated assault and that the next question specifically listed the other eight officers.

3. We note that *Neal* has been cited for this proposition in subsequent decisions by this Court. *See, e.g., Commonwealth v. Gray*, 329 Pa.Super. 347, 478 A.2d 822 (1984).

changed. Thus, this Court vacated the judgment of sentence and reversed the conviction of the defendant.

In the present case, the Commonwealth restricted its proof at trial, via its response to Appellant's request for a bill of particulars, to proof of the elements of aggravated assault under § 2702(a)(3) and (4); however, and the jury was subsequently charged under § 2702(a)(1) and (2). This change resulted in a substantive change of the elements to be proven [4] and a change in the grade of the offense from that of a second degree felony to a felony of the first degree. While we recognize that the criminal indictment filed against Appellant included all four subsections of the aggravated assault statute, allowing the Commonwealth to rely on this document despite a more restrictive bill of particulars would render the purpose and function of the latter meaningless.

Thus, as we find the trial court's actions to be in error, we must reverse Appellant's judgment of sentence and discharge him as to the aggravated assault of Officer Williams. *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972). *See also Commonwealth v. Russell*, 261 Pa.Super. 161, 395 A.2d 1365 (1978) (en banc).

■ Appellant also claims that his sentence was excessive. As Appellant is challenging the discretionary aspects of sentencing, there is no right to appeal to this Court and Appellant's appeal must be considered as a petition for permission to appeal. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b). Initially, we note that he has complied with the basic procedural requirements of *Tuladziecki* by timely filing a notice of appeal and by complying with the dictates of Pa.R.A.P. 2116(b) and 2119(f). Having complied with these procedural requirements, we must now determine whether Appellant has established that a substantial question exists as to the

**4.** As cited above, a conviction under § 2702(a)(1) or (2) can be achieved by proving to the jury that Appellant's conduct was reckless rather than requiring a showing under § 2702(a)(3) or (4) that Appellant's conduct was intentional or knowing.

appropriateness of his sentence, since it is only where a party can "articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Tuladziecki*, at 515, 522 A.2d at 20.

As recently stated by this Court, the Legislature has "clearly acknowledged the deep-rooted tradition that trial courts are given wide latitude in fashioning sentences, and, yet, it has balanced that discretion with a review process recognizing that such discretion is not completely unfettered." *Commonwealth v. Chilcote*, 396 Pa.Super. 106, 120, 578 A.2d 429, 436 (1990) citing *Commonwealth v. Jones*, 523 Pa. 138, 142–143, 565 A.2d 732, 734 (1989). In short, we will not vacate a sentence that is within the statutorily prescribed limits and remand for resentencing absent a manifest abuse of discretion. *Commonwealth v. Plank*, 498 Pa. 144, 445 A.2d 491 (1982); *Commonwealth v. Zelinski*, 392 Pa.Super. 489, 573 A.2d 569 (1990). Thus, the determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987). However, this Court will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Id.*

In the present case, Appellant's 2119(f) statement provides as follows:

[Appellant] respectfully contends that a substantial question exists that the sentence imposed is not appropriate ... in that:

1. The sentencing Court purported to sentence within the Sentencing Guidelines with respect to Attempted Aggravated Assault but applied the Guidelines erroneously in imposing a sentence of 5 to 10 years when the Jury's Verdict was mute as to the Subsection for which [Appellant] was convicted;

2. The Sentencing Court sentenced outside the Sentencing Guidelines with respect to Aggravated Assault and Attempted Aggravated Assault and the sentence is unreasonable in that no aggravating circumstances existed such as to warrant sentencing outside of the Sentencing Guidelines.

3. Appellant contends that the Sentence of the Sentencing Court with respect to Aggravated Assault is illegal in that the Appellant's Motion for Arrest of Judgment with respect to the charge of Aggravated Assault concerning Officer Gerald Williams should have been granted. (Appellant's Brief at p. 20–21).

As to Appellant's third reason enumerated above, it is noted that the issue of the legality of a sentence is never waived and is reviewable as a matter of right rather than in a petition for permission to appeal from the discretionary aspects of sentencing. *See, e.g., Commonwealth v. Ohlinger,* 337 Pa.Super. 437, 487 A.2d 25 (1985). However, since we have already determined that Appellant is to be discharged on this charge, any claim regarding the sentence imposed is rendered moot.

 Appellant's first two enumerated reasons above raise a substantial question since they claim that the sentencing guidelines were erroneously applied and that the sentence imposed was outside the guidelines. *See Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1987), *alloc. den'd* in 525 Pa. 642, 581 A.2d 568 (1990). Thus, we will address the merits of each claim.

 Appellant does not provide any argument to support the second reason enumerated above regarding the excessiveness of his sentence. Thus, this Court is unable to review the merits of this claim. As to Appellant's first reason enumerated above, Appellant claims that since the verdict slip did not delineate which subsection of 18 Pa. C.S.A. § 2702 of which Appellant was convicted, in regard to the eight other officers at the scene, the sentencing court erred in applying an offense gravity score of eight to the

crime.[5] This score would be consistent with first degree felonies such as § 2702(a)(1) and (2). A review of the record reveals that the trial court charged the jury in regard to attempted aggravated assault as to the other police officers, only on subsection (a)(3) and (4) of the statute; both of these subsections are graded as felonies of the second degree with an offense gravity score of six.[6] Thus, the sentencing court did indeed apply the wrong offense gravity score and Appellant must be resentenced on these charges.[7]

Judgment of sentence is reversed and Appellant is discharged as to the aggravated assault charge. Appellant's petition for permission to appeal the discretionary aspects of sentencing is quashed in part. The matter is otherwise remanded for resentencing as to counts two through nine of the criminal information regarding attempted aggravated assault. Jurisdiction is relinquished.

---

5. A review of the sentencing transcript reveals that the sentencing court did not refer to the sentencing guidelines when sentencing on the attempted aggravated assault charges and merely meted out a five to ten year sentence. We must, therefore, look to the calculations of the probation department to determine the guideline figures with which the trial court was presented. These calculations clearly use an offense gravity score of eight; an offense gravity score not available for the subsections of the statute charged to the jury.

6. While we note that § 2702(a)(4) could carry a offense gravity score of seven, this score is used only when a jury finds that the criminal defendant caused bodily injury with a deadly weapon. In the present case, this score would be inapplicable since the record was devoid of any evidence that any other police officer was actually injured in the incident other than Officer Williams.

7. In his statement of questions raised on appeal, Appellant claims that the sentence imposed on the criminal mischief charge is excessive. Upon review, we conclude that our review and ultimate determination of whether a substantial question has been presented is hampered by Appellant's failure to address this claim in his 2119(f) statement. Thus, we invoke the authority of Pa.R.A.P. 2119(f) and quash that part of the appeal. *Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989).