641 A.2d 617

**COMMONWEALTH of Pennsylvania**

v.

**Gary L. ROSE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 6, 1994.

Filed May 20, 1994.

Stephen C. Smith, Lock Haven, for appellant.

Donna L. Rae, Asst. Dist. Atty., Lock Haven, for Com., appellee.

Before ROWLEY, President Judge, and KELLY and POPOVICH, JJ.

ROWLEY, President Judge:

Gary L. Rose, (hereinafter "appellant") appeals from his judgment of sentence contending that the trial court abused its discretion by imposing an "inappropriate" and "clearly unreasonable" sentence without taking into consideration the fact that appellant's deed "was a very minimal infraction of the law." We conclude that appellant has not raised a substantial question as to the propriety of his sentence, and we therefore deny him permission to appeal.

The facts underlying this appeal are very few. On January 5, 1993, appellant entered a floral and gift store in Lock Haven, Pennsylvania, known as the "Goose & Gander." Once in the store, he retrieved a bottle of perfume from a store shelf and took it to the counter area, where he presented it to the cashier and requested a cash refund. Although he did not have a receipt for the perfume, he was given $20.67 in cash as a refund for the "return." After appellant left the store, the owner of the store filed a complaint with the police against appellant, averring that another employee, Cathy Clinefelter, had seen him take the bottle of perfume off the shelf and then present it for a cash refund.

On January 31, 1993, appellant was charged with Theft by Deception. After a preliminary hearing, the matter was held for court, and on July 23, 1993, appellant pled no contest to the pending charge. At the time of the plea, the Common-

wealth recommended a minimum sentence of no greater than three (3) months incarceration. On October 1, 1993, the sentencing court imposed the following sentence upon appellant:

"1. Defendant [to] pay the costs of prosecution in the amount of $149.00, a fine in the amount of $100[.00], and make restitution in the amount of $20.00.

2. Defendant [to] undergo imprisonment in the Clinton County Prison for a definite term, the minimum of which shall be three months, the maximum of which shall be twelve months."

(Sentencing Transcript, 10/1/93, p. 8). Appellant filed a timely motion to modify his sentence, which was denied by the trial court, after which appellant brought the present appeal.

The only issue presented for our consideration implicates the discretionary aspects of appellant's sentence. We note that in cases such as this, "... there is no right to appeal to this Court and appellant's appeal must be considered as a petition for permission to appeal." *Commonwealth v. Kopp,* 405 Pa.Super. 110, 117–118, 591 A.2d 1122, 1126 (1991), *citing, Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). As this Court, sitting *en banc,* reiterated in *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587 (1992):

"In such a case, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Zelinski,* 392 Pa.Super. 489, 573 A.2d 569 (1990), [*appeal*] *denied,* 527 Pa. 646, 593 A.2d 419 (1990); *Commonwealth v. Stalnaker,* 376 Pa.Super. 181, 545 A.2d 886 (1988). 'Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.' 42 Pa.C.S.A. § 9781(b), referring to Chapter 97 (Sentencing). The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis; the court will be inclined to allow appeal where the appellant advances a colorable argument

that the trial judge's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Catanch,* 398 Pa.Super. 466, 581 A.2d 226 (1990)."

*Jones, supra,* 418 Pa.Super. at 99–100, 613 A.2d at 590.

In his Rule 2119(f) statement, appellant flatly asserts that his sentence "flies in the face of fairness" because "[he] was given a sentence of three (3) months [incarceration] for the theft by deception of a $20.00 bottle of perfume." We decide that this contention fails to raise a substantial question. In so concluding, we refer to *Commonwealth v. Smith,* 394 Pa.Super. 164, 575 A.2d 150 (1990), where this Court held that an argument concerning the weight that a sentencing court gives to legitimate sentencing factors (such as the facts and circumstances of the crime itself) does not raise a substantial question within the meaning of 42 Pa.C.S.A. § 9781(b). Because appellant has not advanced a colorable claim that the trial judge's actions were inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms underlying the sentencing process, we are unable to review the merits of appellant's appeal.[1]

Permission for allowance of appeal denied, and judgment of sentence affirmed.

1. We note, however, that the trial court gave an extremely detailed statement of the reasons for its sentence, after having recited the guideline ranges applicable to this case, and after having been fully informed by a pre-sentence report. *See Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988).