**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHNATHAN ROBINS | |
| Appellant | No. 2047 EDA 2016 |

Appeal from the PCRA Order April 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003430-2009

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 27, 2017**

Johnathan Robins appeals from the April 27, 2016 order dismissing his PCRA petition.  We affirm.

Appellant was convicted of involuntary deviate sexual intercourse (IDSI), statutory sexual assault, unlawful contact with a minor, interference with custody of children, and corruption of minors.  We adopt the summary of the underlying facts from the memorandum of this Court on direct appeal:

> [Philadelphia Police] Officer [Brian] Mort encountered E.J. and [A]ppellant engaged in a verbal dispute over their one year old child.  Upon speaking to [Appellant] and E.J., and examining the identification produced by each, Officer Mort and his partner determined that E.J. was fourteen years old at the time the child was conceived.  Officer Mort then placed [A]ppellant under arrest and transported both [A]ppellant and E.J. to the Philadelphia Police Department's Special Victims Unit.

* Former Justice specially assigned to the Superior Court.

>     [A]ppellant's testimony essentially mirrored that of E.J.
>     [A]ppellant testified that he met E.J. on a dating phone line for
>     adults over the age of eighteen.  After talking on the phone, they
>     then met for dinner and talked about having a family.
>     [A]ppellant admitted that sometime after their meeting that "yes
>     we did have intercourse."   [A]ppellant testified on cross
>     examination that he also engaged in oral sex with E.J.
>     Attempting to down play this aspect of their relationship, he
>     testified that they were then trying to have a baby.
>
>     [A]ppellant testified that after E.J. became pregnant, he
>     wanted to marry her before the child was born.  [Appellant]
>     testified that he researched the marriage laws of both
>     Pennsylvania and Missouri before deciding to take E.J. to
>     Missouri to get married.  [A]ppellant testified that he chose to
>     marry E.J, in Missouri because it does not require a three day
>     waiting period and "I could do it in one day."  Appellant testified
>     that it wasn't until January of 2009, after they returned from
>     Missouri, that he learned of E.J.'s true age.

**Commonwealth v. Robins**, 32 A.3d 823, at 2. (Pa.Super. 2011)

Appellant, proceeding *pro se* with Attorney Thomas McGill, Jr., acting as stand-by counsel, was convicted by a jury of all charges.  The court sentenced him to a mandatory term of ten to twenty years imprisonment for IDSI, and consecutive one to five year terms of imprisonment for statutory sexual assault and unlawful contact with a minor.  He received no additional penalty for the remaining convictions.  Appellant was determined not to be a sexually violent predator, but nonetheless required to register as a sexual offender under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10 *et seq*.

This Court affirmed judgment of sentence on August 5, 2011.  **Id**.  The Supreme Court denied allowance of appeal on January 20, 2012.

- 2 -

*Commonwealth v. Robins*, 35 A.3d 1206 (Pa. 2012). Appellant timely filed the instant *pro se* PCRA petition and counsel was appointed. When Appellant indicated that he wished to waive counsel, the court conducted a *Grazier* hearing.[1] Appellant was permitted to proceed *pro se* and he filed an amended PCRA petition on September 15, 2014, and an addendum on July 27, 2015. The Commonwealth moved to dismiss the petition. On April 27, 2016, following a hearing, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed the instant appeal.

Appellant presents eleven questions for our review:

I.   Did the Trial Court err in sentencing [A]ppellant to a crime that the jury did not find him guilty of because they were not presented with it, as court gave instructions on the wrong statute?

II.  Did the Trial Court err by refusing to merge lesser-included offense at sentencing?

III. Is the mandatory minimum Appellant was sentenced to unconstitutional?

IV.  Did Trial Court err by refusing to admit marriage license and marriage law into evidence?

V.   Did Trial Court err by refusing to allow [A]ppellant to put forward affirmative marriage defense?

VI.  Did Trial Court err by refusing to instruct jury of marriage defense?

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

VII.    Did Trial Court err by making prejudicial statements about [A]ppellant's marriage and other testimonial evidence [A]ppellant was trying to present?

VIII.   Did the cumulative effect of Trial Court errors deprive [A]ppellant of fair trial?

IX.     Did Trial Court violate [A]ppellant's Due Process Rights by imposing registration requirement when he was assessed not to be a sexually violent predator?

X.      Was [A]ppellant Counsel ineffective during sentencing and on appeal for not putting forward above issues?

XI.     Did Trial Court violate [A]ppellant's right to be Pro Se during PCRA proceedings?

Appellant's brief at 2-3.

In reviewing an order denying PCRA relief, we must determine whether the PCRA court's determination is supported by the evidence of record and free of legal error. ***Commonwealth v. Harris***, 114 A.3d 1 (Pa.Super. 2015).

Appellant's first contention is that the trial court erred in instructing the jury pursuant to subsection (a)(7) of the IDSI statute, when he was charged with violating subsection (a)(1) of that statute. Furthermore, the jury found him guilty under subsection (a)(7), and the court sentenced him under that provision. He relies upon ***Commonwealth v. Kopp***, 591 A.2d 1122 (Pa.Super. 1991), where the defendant was found guilty of a different subsection of the robbery statute than was charged in the indictment, which

this Court held constituted a substantive change in the elements of the crime and prejudiced defendant.

We note preliminarily that Appellant did not object to this alleged defect at trial. Nor did he object to the jury instruction based on IDSI subsection (a)(7). Since this claim could have been challenged at trial, it is waived under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, unless an exception applies. **Commonwealth v. Blakeney**, 108 A.3d 739, 745 (Pa. 2014). No exception has been alleged.

Moreover, the record does not factually support Appellant's claim. The criminal information charged Appellant, age forty at the time, with both IDSI by forcible compulsion and IDSI by engaging in deviate sexual intercourse with a complainant who was less than 16 years of age and to whom he was not married at the time. 18 Pa.C.S. § 3123 (a)(1) and (a)(7). Furthermore, prior to his arraignment, the Commonwealth orally amended the information when it advised the court that it was proceeding solely under § 3123(a)(7). Thus, Appellant had the requisite notice that he was being charged under § 3123(a)(7), and in fact, he asserted a mistake of age defense that was applicable only to that subsection.[2] No relief is due.

_____

[2] The trial court pointed out that the verdict slip and the sentencing order mistakenly indicated IDSI pursuant to 18 Pa.C.S. § 3123(a)(1), and attributed this to a clerical error that did not reflect the oral amendment. The court maintained that Appellant was charged and convicted of §
*(Footnote Continued Next Page)*

- 5 -

Appellant's second issue is that all of his sentences should have merged as they arose out of the same criminal act. He does not specify which offenses were lesser-included offenses that should have merged. Such a claim "raises a challenge to the legality of the sentence," for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Brown*, 159 A.3d 531, 532-533 (Pa.Super. 2017). Although Appellant did not challenge his sentence on this basis below or on direct appeal, the claim is not waived as challenges to the legality of a sentence can be raised for the first time in a timely PCRA petition. *Commonwealth v. Infante*, 63 A.3d 358 (Pa.Super. 2013) (recognizing that legality of sentence claims are non-waivable and always subject to review within the PCRA provided they are asserted in a timely petition).

The statute governing the merger of sentences provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765; *see also Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯

3123(a)(7), and that it was clear throughout that this was the applicable subsection.

Appellant's brief offers no support for his contention that all of the criminal conduct charged arose from one criminal act. Indeed, the record belies that contention. The IDSI charge related to oral sexual intercourse with the fourteen-year-old complainant that occurred on a different occasion from the statutory sexual assault, which involved vaginal sexual intercourse on numerous occasions prior to the purported marriage in Missouri. The interference with custody of child, unlawful contact with a child, and corruption of minors involved different conduct at various times during 2007 and 2008.

Furthermore, even if Appellant had demonstrated that the crimes arose from a single criminal act, the offenses would only merge for sentencing purposes if the statutory elements of the lesser-included offenses were included in the statutory elements of the other offense. Appellant ignores this facet of the merger analysis and fails to demonstrate the identity of elements of the offenses that would support merger.[3] Appellant's claim is without merit.

_____

[3] The attorney for the Commonwealth initially misspoke at sentencing and suggested that interference with custody of a child and corruption of the morals of a minor merged for sentencing purposes. When the trial court questioned that representation, the Commonwealth backtracked and conceded that there was no merger technically, but that it was recommending no additional penalty on the corruption of morals charge.

Appellant's third issue is a constitutional challenge to the mandatory minimum sentence imposed for IDSI. He cites **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa.Super. 2015), in support of his contention that he can avail himself of the Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), in this timely PCRA petition.

Appellant misapprehends **Ruiz**. A defendant can raise an **Alleyne** challenge in a timely PCRA petition so long as judgment of sentence was not final when **Alleyne** was decided on June 17, 2013. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Appellant's judgment of sentence became final on or about April 20, 2012, almost a year before the Supreme Court decided **Alleyne**.[4] **Alleyne** does not apply retroactively to afford Appellant relief.

Appellant's fourth, fifth, sixth, and seventh issues all pertain to claims of trial court error in refusing to admit the marriage license into evidence, permit an affirmative defense of marriage, instruct the jury on a marriage defense, and in making allegedly prejudicial comments about the marriage. The Commonwealth counters that these issues were either previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). The Commonwealth relies upon 42 Pa.C.S. § 9544(a)(2) and **Commonwealth v. Keaton**, 45 A.3d

---

[4] Appellant's judgment of sentence became final ninety days after the Pennsylvania Supreme Court denied allowance of appeal, when he did not file a petition for writ of *certiorari* to the United States Supreme Court.

- 8 -

1050 (Pa. 2012), for the proposition that an issue is deemed to have been previously litigated if the highest appellate court in which review could have been obtained as a matter of right has ruled on the merits of the issues. Appellant counters that, on direct appeal, he argued only error in the trial court's refusal to instruct the jury on the marriage law, which is distinctly different from error in refusing the marriage defense, admission of the marriage certificate, and the court's allegedly prejudicial comments on it.

Our review of the record confirms that these issues were previously litigated on direct appeal. *Blakeney*, *supra*. This Court addressed and rejected as irrelevant all claims of error related to Appellant's "marriage defense" because the crimes charged were committed prior to the alleged marriage. No relief is due.

Next, Appellant faults trial and appellate counsel for failing to raise the issues of merger and the IDSI statute on appeal. We note there is a strong presumption that counsel was effective in his representation. *Harrington v. Richter*, 131 S.Ct. 770 (2011). In order to prevail on an ineffectiveness claim, an appellant must demonstrate all of the following: 1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) ineffective assistance of counsel caused him prejudice. *Commonwealth v. Pierce*, 786 A.2d 203 (Pa. 2001).

Appellant elected to proceed *pro se* at trial with the assistance of stand-by counsel. In such circumstances, the defendant is counsel of record

- 9 -

and stand-by counsel merely fulfills a limited role. ***Commonwealth v. Blakeney***, 108 A.3d 739, 756 (Pa. 2014). When a defendant chooses to represent himself, he cannot obtain post-conviction relief by raising a claim of ineffectiveness of himself or stand-by counsel. ***Id***. Thus, any claim of ineffectiveness of trial counsel arising from the failure to challenge the submission to the jury of the IDSI charge under § 3123(a)(7), is not cognizable under the PCRA.

We have also determined *supra* that Appellant's merger claim lacks merit. "Failure to raise a meritless issue is not ineffective assistance of counsel." ***Commonwealth v. McBee***, 520 A.2d 10, 14 (Pa. 1986); ***Commonwealth v. Bryant***, 855 A.2d 726, 742 (Pa. 2004) ("Trial counsel cannot be held to be ineffective for failing to take futile actions or raise a meritless claim.").

Appellant's claim that the cumulative effect of trial court error deprived him of a fair trial fares no better. Having concluded that Appellant's individual claims of trial court error are either previously litigated, waived, or meritless, there is no harmful cumulative effect to consider. ***See Commonwealth v. Wright***, 961 A.2d 119 (Pa. 2008).

Next Appellant alleges that the trial court erred in requiring him to register under SORNA when he was not determined to be a sexually violent predator ("SVP"). Since this issue could have been raised on direct appeal, but was not, it is waived. ***See*** 42 Pa.C.S. §§ 9541-9546; ***Blakeney***, ***supra***

at 745. Nor can direct appeal counsel be deemed ineffective for failing to assert a claim that was not preserved below by Appellant who was proceeding *pro se*. **See Blakeney**, ***supra*** at 749 (recognizing that a PCRA appellant who represented himself at trial may be "restricted by trial level defaults chargeable to . . . himself[,]" and find layered claims of counsel ineffectiveness unavailable). Moreover, Appellant's premise is faulty. Registration requirements do not apply solely to SVPs. Four of Appellant's convictions, namely IDSI, statutory sexual assault, interference with the custody of a child, and unlawful contact with a minor, carry a registration requirement. Appellant's claim is without merit.

In his final issue, Appellant claims that the trial court violated his right to appear *pro se* on direct appeal and during the instant PCRA appeal. He makes vague allegations that the trial court filed "defense motions with no authority" and "without telling him." Appellant's brief at 46. He argues that the trial court did not permit him to attend hearings on September 15, 2014, July 27, 2015, January 21, 2016, March 21-23, 2016, March 30, 2016, April 25, 2016, and April 27, 2016. Appellant does not spell out the purpose of these alleged hearings, but insists that denial of his right to proceed *pro se* is not subject to a harmless error analysis, citing **McKaskle v. Wiggins**, 465 U.S. 168, 177 n.8 (1984).

The trial court dismissed these claims as "nonsensical and wholly unsupported on the record." Trial Court Opinion, 11/10/16, at 14. The

Commonwealth characterizes the claim as frivolous, pointing to the fact that the trial court granted Appellant the right to proceed *pro se* after a **Grazier** hearing, and Appellant filed his PCRA petition, an amended petition, an addendum to the amended petition, and a merits brief without the assistance of counsel. We agree.

Moreover, after a thorough review of the record, we find no support for Appellant's claims that he was not permitted to attend "hearings" on the aforementioned dates. The record indicates that no hearings were conducted in Appellant's absence. Furthermore, the record establishes that on September 15, 2014, Appellant filed an amended *pro se* PCRA petition. On July 27, 2015, he filed a petition to add an addendum to his PCRA petition to assert an **Alleyne** mandatory minimum argument; to allege that he had been reincarcerated for failure to register under an unconstitutional statute; that he was convicted of IDSI by forcible compulsion pursuant to a defective indictment. On January 21, 2016, the court ordered that Appellant be transported to court for a PCRA hearing scheduled at a later date. On March 21, 2016, the Commonwealth filed a motion to dismiss Appellant PCRA petition, and the trial court issued Rule 907 notice on March 23, 2016. Appellant filed a reply to the Commonwealth's motion on March 30, 2016, a supplement thereto on April 25, 2016, and on April 27, 2016, the PCRA court issued an order dismissing Appellant's petition. No relief is due.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *9/27/2017*