J-S78004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUDOLPH SMITH | : | |
| | : | |
| Appellant | : | No. 16 WDA 2017 |

Appeal from the PCRA Order December 5, 2016
In the Court of Common Pleas of Allegheny County Criminal Division
at No(s):  CP-02-CR-0007049-2014, CP-02-CR-0014207-2014

BEFORE:   OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                         **FILED FEBRUARY 13, 2018**

Appellant, Rudolph Smith, appeals from the December 5, 2016 order granting in part and denying in part his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background of this case is as follows.  On April 8, 2014, Ivana Hetrick ("Hetrick") was retrieving something from her car when Appellant approached her while brandishing a firearm.  Appellant grabbed her purse, wrestled it away, and then fled the scene.

On the evening of April 15, 2014, Krystal Krieger ("Krieger") and David Wilkerson ("Wilkerson") were preparing to enter Krieger's residence when Appellant approached them.  Appellant fired a single gunshot into the ground. Krieger and Wilkerson then dropped all of their belongings.   Appellant

---

* Retired Senior Judge assigned to the Superior Court

instructed Wilkerson to run and Krieger to enter her residence. After gathering their belongings, Appellant fled the scene.

The procedural history of this case is as follows. On May 28, 2014, Appellant was charged via criminal complaint with robbery,[1] simple assault,[2] recklessly endangering another person,[3] and theft by unlawful taking[4] in relation to the Hetrick robbery. After a preliminary hearing, the issuing authority held Appellant for court on all four counts. On August 12, 2014, the Commonwealth charged Appellant via criminal information with the same four offenses; however, the robbery charge was changed from a violation of 18 Pa.C.S.A. § 3701(a)(1)(v) (physically take or remove property from victim by force however slight) to a violation of section 3701(a)(1)(i) (inflicts serious bodily injury upon another) or (a)(1)(ii) (threatens another or intentionally places another in fear of immediate serious bodily injury).

On May 28, 2014, Appellant was charged via criminal complaint with robbery,[5] recklessly endangering another person, and making terroristic threats[6] in relation to the Krieger/Wilkerson robbery. After a preliminary

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(v).

[2] 18 Pa.C.S.A. § 2701(a)(3).

[3] 18 Pa.C.S.A. § 2705.

[4] 18 Pa.C.S.A. § 3921(a).

[5] 18 Pa.C.S.A. § 3701(a)(1)(iii).

[6] 18 Pa.C.S.A. § 2706.

hearing, the issuing authority held Appellant for court on all three counts. On August 12, 2014, the Commonwealth charged Appellant via criminal information with two counts each of the three offenses charged in the criminal complaint; however, the robbery charges were filed under section 3701(a)(1)(i) or (a)(1)(ii) instead of section 3701(a)(1)(iii) (commits or threatens immediately to commit any felony of the first or second degree).

On May 20, 2015, Appellant pleaded guilty to two counts of robbery – one count in each case. Pursuant to the terms of a negotiated plea agreement, the trial court sentenced Appellant to an aggregate term of four to twelve years' imprisonment. The judgment of sentence showed that Appellant pleaded guilty to, and was sentenced for, violating section 3701(a)(1)(i). Appellant filed no direct appeal.

On March 16, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and twice amended the petition. On December 5, 2016, the PCRA court granted in part and denied in part Appellant's PCRA petition. The PCRA court held that Appellant pleaded guilty to violating section 3701(a)(1)(ii) in both cases. Thus, the judgment of sentence that listed section 3701(a)(1)(i) was incorrect and was corrected to reflect that Appellant pleaded guilty to violating section 3701(a)(1)(ii). The PCRA court denied relief on Appellant's claim that his plea counsel rendered ineffective assistance by advising him to

plead guilty to offenses not substantially the same as, or cognate to, the offenses charged in the criminal complaints. This timely appeal followed.[7]

Appellant presents one issue for our review:

[Did plea counsel render ineffective assistance by advising Appellant to plead guilty to offenses that were not substantially the same as, or cognate to, the offenses charged in the criminal complaints?]

Appellant's Brief at 4.

"We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error." **Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017) (citation omitted). Appellant's lone issue challenges the effectiveness of his plea counsel.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "In the context of a plea, a claim of ineffectiveness may provide relief only if the

---

[7] On January 5, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On January 25, 2017, Appellant filed a concise statement. On June 23, 2017, the PCRA court issued its Rule 1925(a) opinion. Appellant included his lone issue in his concise statement.

alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

"Counsel is presumed to have been effective." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." ***Commonwealth v. Smith***, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

To understand Appellant's argument, it is necessary to review the contours of the robbery section of the Crimes Code. Section 3701 provides that:

> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> * * *
>
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>
> (iii) commits or threatens immediately to commit any felony of the first or second degree;

* * *

> (v) physically takes or removes property from the person of another by force however slight[.]

18 Pa.C.S.A. § 3701(a).

Appellant argues that he was prejudiced by pleading guilty to two counts of robbery under section 3701(a)(1)(ii) instead of one count under section 3701(a)(1)(iii) and a second count under section 3701(a)(1)(v). Appellant explains that while both sections 3701(a)(1)(ii) and (a)(1)(iii) constitute first-degree felonies, section 3701(a)(1)(ii) carries an offense gravity score ("OGS") of ten while section 3701(a)(1)(iii) carries an OGS of nine. 204 Pa.Code § 303.15. Appellant also points out that section 3701(a)(1)(v) constitutes a third-degree felony, unlike the first-degree felony classification that attaches to section 3701(a)(1)(ii). 18 Pa.C.S.A. § 3701(b)(1).

Next, we review the rules governing the filing of a criminal information after a defendant has been held for court by the issuing authority. Pennsylvania Rule of Criminal Procedure 560 provides that:

> (A) After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.
>
> (B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

* * *

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint.

Pa.R.Crim.P. 560. Thus, "[a] defendant cannot be required to answer a charge different from or unrelated to the one for which he was arrested and held to bail." *Commonwealth v. Taylor*, 471 A.2d 1228, 1232 (Pa. Super. 1984). Even so, Rule 560, "does not require that the crime charged in the [i]nformation be identical to that charged in the [c]omplaint as long as the charge is [substantially the same as, or] cognate to the one laid in the [c]omplaint." *Commonwealth v. Jacobs*, 640 A.2d 1326, 1329 (Pa. Super. 1994), *appeal denied*, 668 A.2d 1125 (Pa. 1995) (citations omitted).

We focus our attention on the first prong of the ineffectiveness inquiry, *i.e.*, whether Appellant's claim is of arguable merit. In order to decide whether Appellant's underlying claim is of arguable merit, we must determine whether robbery under section 3701(a)(1)(ii) is substantially the same as, or cognate to, robbery under sections 3701(a)(1)(iii) and (a)(1)(v). When making this determination, "we must analyze the essential elements of each of the crimes and determine whether they share several elements and are of the same class or category." *Commonwealth v. Weigle*, 949 A.2d 899, 905 (Pa. Super. 2008), *abrogated on other grounds*, *Commonwealth v. Dantzler*, 135 A.3d 1109 (Pa. Super. 2016) (*en banc*).

Appellant argues that section 3701(a)(1)(ii) is not substantially the same as, or cognate to, sections 3701(a)(1)(iii) and (a)(1)(v) because "each

subpart ha[s] different elements and require[s] a different level of proof of facts." Appellant's Brief at 17. Appellant is correct that the three offenses have somewhat different elements and require the Commonwealth to prove different facts. Section 3701(a)(1)(ii) requires the Commonwealth prove that the defendant threatened immediate serious bodily injury, or intentionally placed the victim in fear of immediate serious bodily injury, during a theft. Section 3701(a)(1)(iii), on the other hand, only requires that the Commonwealth prove the defendant committed, or threatened to commit, a first- or second-degree felony during a theft. Section 3701(a)(1)(v) requires the Commonwealth prove the defendant took property with physical force, however slight, during a theft. This fact, however, is inapposite when determining whether the offenses are substantially the same as, or cognate to, each other.

This Court's driving under the influence of alcohol ("DUI") jurisprudence supports our conclusion that the offenses at issue are sufficiently similar for purposes of Rule 560(B)(5). In **Commonwealth v. Sinclair**, 897 A.2d 1218 (Pa. Super. 2006), this Court reaffirmed its prior holding that the Commonwealth may charge a violation of 75 Pa.C.S.A. §§ 3802(a)(1), (b), or (c) in a criminal information as long as one of those offenses was charged in the criminal complaint. **See id.** at 1222. This Court relied on **Jacobs** in which, like this case, the crime charged in the criminal information was more serious than that charged in the criminal complaint. The defendant was charged with

DUI-general impairment (an ungraded misdemeanor) in the criminal complaint and DUI-higher rate (a first-degree misdemeanor) in the criminal information. *See Jacobs*, 640 A.2d at 1329-1330.

As *Sinclair* and *Jacobs* suggest, our inquiry does not end at the fact that the criminal informations charged more serious offenses which required the Commonwealth to prove different facts. Instead, we must examine the elements that the Commonwealth must prove under sections 3701(a)(1)(iii) and (a)(1)(v) and determine if they "are of the same class or category" of the elements the Commonwealth must prove under section 3701(a)(1)(ii). *Weigle*, 949 A.2d at 905.

Appellant's reliance on *Commonwealth v. Neal*, 418 A.2d 378 (Pa. Super 1980)[8] is also misplaced. In *Neal*, this Court held that sections 3701(a)(1)(ii) and (a)(1)(iii) are not "interchangeable." *Id.* at 380. In *Neal*, however, the issue was not whether the two crimes are substantially the same. Instead, the issue in *Neal* was whether the one offense was a lesser included offense. Specifically, the trial court realized after the close of the

---

[8] It is unclear whether *Neal* was an opinion announcing the judgment of the court for a three-judge panel or a majority opinion for an *en banc* panel. Westlaw, Lexis, the print edition of the Atlantic Second Reporter, and the print edition of the Pennsylvania Superior Court Reporter all omit information regarding the panel composition. Moreover, this Court's Reporter was unable to locate a copy of the slip opinion in the case or other information that would prove the panel composition. Our extensive research indicates that *Neal* was likely an opinion announcing the judgment of the court for a three-judge panel and, therefore, not binding precedent. As we cannot make this pronouncement with certainty, we analyze *Neal* as though it were binding precedent.

Commonwealth's case that it had only produced evidence supporting a conviction under section 3701(a)(1)(ii) while the information charged a violation of section 3701(a)(1)(iii). Therefore, the trial court charged the jury only on section 3701(a)(1)(ii). *Id.* at 379. As Appellant correctly argues in this case, section 3701(a)(1)(ii) is not a lesser included offense of section 3701(a)(1)(iii) because all the elements of section 3701(a)(1)(ii) are not included within the definition of section 3701(a)(1)(iii). Thus, this Court held that the trial court erred in instructing the jury on that section. *See id.* at 379-380. Hence, this Court did not address whether the offenses are substantially the same as that term is used in Rule 560. Rule 560 does not set as high a bar as the concept of lesser included offenses. Offenses can be substantially the same under Rule 560 if they are in the same class or category. There is no need to show identity of elements.

We conclude that offenses defined at sections 3701(a)(1)(iii) and (a)(1)(v) are of the same class or category as set forth in section 3701(a)(1)(ii). Under all three subparts of the robbery statute, the Commonwealth must prove that a theft occurred. The second element of each of the three robbery offenses discourages thieves from engaging in conduct that would risk injury to the victim or threaten to risk injury to the victim. As noted above, section 3701(a)(1)(ii) prohibits a thief from threatening the victim with serious bodily injury. Section 3701(a)(1)(iii) prohibits a thief from engaging in a first- or second-degree felony during the theft. By their nature,

- 10 -

first- and second-degree felonies risk injury to the victim of the theft or threaten to injure the victim of the theft. Finally, section 3701(a)(1)(v) prohibits a thief from using force during a theft. The use of force *ipso facto* risks injury to the victim. Thus, we conclude that sections 3701(a)(1)(iii) and 3701(a)(1)(v) are substantially the same as section 3701(a)(1)(ii). Therefore, Appellant's underlying claim lacks arguable merit and the trial court properly denied relief on his ineffective assistance of counsel claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2018