J-S74022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK J. SCHAEFFER | : | |
| | : | |
| Appellant | : | No. 3077 EDA 2016 |

Appeal from the PCRA Order September 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001360-2011

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 06, 2018**

Frank J. Schaeffer appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition seeking relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46.  After our review, we affirm.

On March 14, 2012, a jury found Schaeffer guilty of conspiracy to commit burglary,[1] theft by unlawful taking[2] and receiving stolen property.[3] The Honorable Michael Erdos sentenced Schaeffer to seven and one-half (7½)

_____

[1] 18 Pa.C.S. §§ 903(a)(1), 3502(a)(2).

[2] 18 Pa.C.S. § 3921(a).

[3] 18 Pa.C.S. § 3925(a).

to sixteen (16) years' imprisonment.[4] Schaeffer filed post-sentence motions, which were denied, and a notice of appeal. On February 2, 2013, this Court affirmed his judgment of sentence. *Commonwealth v. Schaffer*, 1459 EDA 2012 (unpublished memorandum, filed February 12, 2013).

On January 27, 2014, Schaeffer filed a *pro se* PCRA petition. The PCRA court appointed counsel, and counsel filed an amended and a supplemental amended petition. The Commonwealth filed an answer to the petition and a motion to dismiss. On September 23, 2016, Judge Erdos dismissed Schaeffer's petition. This appeal followed.

Schaeffer raises the following issues for our review:

I.   Whether the court erred in denying [Schaeffer's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.[5]

II.  Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief, at 8.

Pennsylvania Rule of Criminal Procedure 907 provides that

_____

[4] Schaeffer had ten prior burglary convictions. *See Commonwealth v. Schaeffer*, 1459 EDA 2012 (unpublished memorandum, filed February 12, 2013), at *2.

[5] In his PCRA petition, Schaeffer raised seven claims of trial counsel's ineffectiveness. On appeal, he raises three, claiming counsel was ineffective for failing to:  clarify the object of the conspiracy; file a motion to dismiss the charges; and object to the sentencing procedures. *See* Appellant's Brief, at 18-22.

> [i]f the judge is satisfied . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007). *See also Commonwealth v. Morrison*, 878 A.2d 102, 109 (Pa. Super. 2005) ("A PCRA hearing is not a matter of right, and the PCRA court may decline to hold a hearing if there is no genuine issue concerning any material fact and the defendant is not entitled to relief as a matter of law."); *Commonwealth v. Payne*, 794 A.2d 902, 906 (Pa. Super. 2002) ("The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence."). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

As noted above, Schaeffer claimed counsel was ineffective for failing to: (1) clarify the object of the conspiracy; (2) file a motion to dismiss the charges; and (3) object to the sentencing procedures. The underlying issue in Schaeffer's first claim was previously litigated. 42 Pa.C.S. § 9544(a). The

evidence presented at trial, arguments made by both attorneys, and the trial court's instruction made it clear Schaeffer was charged with, and convicted of, conspiracy to commit burglary. On direct appeal, this Court stated that the trial court "provided clear jury instructions specifying the charge of conspiracy to commit burglary, made no mention of any other type of conspiracy, and the jury issued [an] unambiguous verdict." *Commonwealth v. Schaeffer*, *supra* at *2.

Schaeffer's claim that counsel was ineffective for failing to file a motion for directed verdict on conspiracy charge was also previously litigated as a challenge to the sufficiency of the evidence on direct appeal. *Id*.

Finally, Schaeffer claims that counsel was ineffective for failing to object to sentencing procedures because the court did not specify whether his sentence would run concurrently with, or consecutive to, the sentence of parole he was currently serving. It is not clear here whether Schaeffer had been recommitted by the parole board when he was sentenced in this case, however, in any event the court had no authority to impose its sentence concurrently with the time remaining on the older sentence. *See Commonwealth v. Zuber*, 353 A.2d 441, 457 (Pa. 1976) ("[T]he law is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order."); *McCaskill v. Pennsylvania* **Bd. of Probation and Parole**, 631 A.2d 1092 (Pa. Commw. 1993); *see also* 61 Pa.C.S. § 6138(a)(5) ("If a new sentence is imposed on the parolee, the service of the balance of the term

originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed[.]").

After our review, we conclude that the PCRA court correctly concluded that Schaeffer's proffer, even if believed, failed to establish ineffectiveness of trial counsel, and thus the court correctly determined there were no genuine issues of material fact. Accordingly, we affirm the order denying Schaeffer's PCRA petition without a hearing, and we do so on the basis of Judge Erdos' opinion. ***See*** PCRA Court Opinion, 4/5/17, at 9-11, 13-14, 18. ***See also Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18

**FILED**

APR 0 5 201~~7~~

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :
   :
v.    :     CP-51-CR-0001360-2011
   :
   :
FRANK JOSEPH SCHAEFFER    :     3077 EDA 2016
   :

CP-51-CR-0001360-2011 Comm. v Schaeffer, Frank Joseph
Opinion



7929042101

**OPINION**

ERDOS, J.                         April 5, 2017

Frank Joseph Schaeffer (hereinafter "Appellant") appeared before this Court on March 13, 2012 and a jury found him guilty of conspiracy to commit burglary, theft and receiving stolen property. The jury found Appellant not guilty of burglary. On April 25, 2012, Appellant was sentences to a total term of incarceration of seven and one half to sixteen years.

Appellant subsequently appealed his sentence, which was affirmed by the Superior Court on February 12, 2013. He was subsequently denied PCRA relief by this Court on September 23, 2016. Appellant files the instant appeal alleging he should have been granted PCRA relief for because his trial counsel rendered ineffective assistance of counsel. For the reasons stated below, Appellant's argument is without merit.

**PROCEDURAL POSTURE**

On October 7, 2010, Appellant was arrested and charged with burglary, conspiracy to commit burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. On February 2, 2010, Appellant appeared before the Honorable Craig Washington for a Preliminary Hearing and the charges were held for court. On February 11, 2011, Appellant filed a Motion to

Quash; this was denied. He next filed a Motion to Dismiss pursuant to Rule 600 which this Court denied on March 8, 2012. On that same date, this Court denied the Commonwealth's Motion in Limine to Include Prior Bad Acts.

On March 13, 2012, Appellant appeared before this Court for a jury trial where he was represented by Liam Riley, Esquire of the Defender Association of Philadelphia. On March 14, 2012, the jury found Appellant guilty of conspiracy to commit burglary, theft by unlawful taking, and receiving stolen property. Appellant was found not guilty of burglary. On April 24, 2012, Appellant by and through his counsel of record filed a Motion to Clarify the Verdict and a Motion for Extraordinary Relief, which were denied the day after. Appellant was then sentenced by this Court to seven and half to sixteen years of incarceration. Appellant filed a post-sentence motion that was denied by this Court on May 8, 2012.

Appellant, represented by Scott Diclaudio, Esquire, subsequently filed an appeal to the Superior Court alleging that (1) the court abused its discretion when it denied Appellant's motion to clarify the verdict because the verdict was ambiguous with respect to the criminal conspiracy charge because of the failure to include with specificity on the verdict sheet the charge he allegedly conspired to commit; (2) the evidence was insufficient to sustain the charge of conspiracy to commit burglary; (3) the Court erred in grading the theft charges as misdemeanors of the second degree; and (4) the Court committed an abuse of discretion by imposing a sentence outside the suggested guidelines range. The Superior Court denied Appellant's appeal on February 12, 2013.

On January 27, 2014, Appellant filed a *pro se* petition under the Post Conviction Relief Act (hereinafter "PCRA"), pursuant to 42 Pa.C.S. §§ 9641-9546 alleging that (1) appellate counsel rendered ineffective assistance of counsel by failing to allege that trial counsel rendered

2

ineffective assistance of counsel and (2) trial counse rendered ineffective assistance of counsel by "failing to object to the District Attorney eliciting testimony from Commonwealth witnesses which falsely portrayed Joseph Korhan as a co-defendant / co-conspirator of the defendant by two dozen references, failing to object to the admission of a mug shot of Joseph Korhan, and failing to request an in-camera hearing as to the authentication of the mug shot."

On March 2, 2015, Appellant filed an Amended PCRA petition by and through his attorney Peter Levin, Esquire. Appellant's amended petition alleged that trial counsel's failed to "request to charge the jury on the criminal conspiracy charge for which Petition was convicted of, trial counsel failed to ask the judge to charge the jury on 'underlying crimes,' trial attorney failed to object to the verdict sheet, and failed to request a directed verdict in that Joseph Kohran had charges withdrawn."

On February 9, 2016, Appellant filed a supplemental PCRA petition adding the additional argument that trial counsel was ineffective for failing to object when the "offense for which he was charged with was wrongfully changed by the trial court," failing to file a motion to quash or dismiss the charges, and failing to object to sentencing procedures.

The Commonwealth filed an Answer to the Petition for PCRA relief and a Motion to Dismiss on March 7, 2016 and July 25, 2016, respectively. On September 23, 2016, Appellant's PCRA petition was dismissed without a hearing and on September 30, 2016, Appellant filed the instant appeal.

## FACTS

Appellant entered a plea of not guilty to all charges against him and asserted his right to trial by jury. The sum and substance of the evidence at trial was as follows:

On October 7, 2010 at around 12:30 p.m., Colleen Sharp exited through the back door of 4716 Convent Lane, the residence that she shares with her husband Michael, to take her dog for a

3

walk. NOTES OF TESTIMONY, Trial, 3/13/2012, at 38. At about the same time, Jason Harrison, a resident of that block, noticed a gray, four-door SUV parked in the driveway of the Sharp residence. *Id.* at 56. Harrison noticed a male with olive complexion, or possibly Hispanic, get out of the passenger side of the SUV, walk up to the residence, knock on the front door, and look through the glass on the front door and windows. *Id.* at 56-57. Harrison did not see the man's face. *Id.* A few minutes later, he observed the man walk towards the driveway of the house and make a waving gesture towards the backyard. *Id.* at 58. He then observed the SUV drive eastbound on Convent Lane, but did not see whether the man he had been watching got into the vehicle before it left. *Id.* Harrison followed the SUV in his own vehicle and wrote down its license plate number. *Id.* at 59-61. He observed it make a U-turn back toward Convent Lane, and drive towards the direction of Convent Lane, and was able to notice that the driver of the SUV was a male with a tattoo on his arm. *Id.* at 60-61. He then drove approximately five minutes to get gas, at which point he decided to drive back to the Sharp residence. *Id.* at 63.

Sharp returned to her home approximately seven minutes after she had left with her dog. *Id* at 39. Upon entering the house, she noticed her husband's green gym bag by the back door that was not there before she left. *Id.* She called her husband on the telephone as she walked up the stairs to the second floor. *Id.* at 40. When she was approximately halfway up the stairs, she noticed her husband's sports officiating equipment strewn across the upstairs hallway. *Id.* at 41. Sharp immediately left her residence and called the police. *Id.* When the police arrived, Officer Gallagher accompanied Sharp into her residence and upstairs to the master bedroom. *Id.* Sharp indicated that her jewelry was missing. *Id.* at 41, 71. Michael Sharp traveled from his work to the house after getting off the phone with his wife. *Id.* at 46.

4

When Harrison returned to Convent Lane, he informed police about what he had seen and provided them with the vehicle's license plate numbers. *Id.* at 63-64. Officer Gallagher then broadcast the description of the SUV over police radio. *Id.* at 72.

Officer Shaw was with Officer McNicholas parked in an unnmarked patrol car at a Lowe's store on the 3700 block of Aramingo Avenue when he noticed an SUV matching the description traveling southbound on the 3600 block of Aramingo Avenue. *Id.* at 81. The officers pursued the vehicle and followed it as it turned into the parking lot of a Wendy's restaurant at the corner of Aramingo and Venango Avenues, approximately five to eight miles from the Sharp's residence. *Id.* at 81-82. Officer Shaw approached the passenger side front door of the parked SUV. *Id.* at 83. He observed movement in the back seat area, opened the back door, and observed Appellant sitting in the back passenger-side seat. *Id.* Appellant was in possession of a small black bag approximately twelve inches in length in his left hand and a piece of gold jewelry in his right hand. *Id.* Shaw took Appellant into custody and recovered the black bag, which contained various pieces of jewelry. *Id.* Responding officers arrived at the scene shortly after Officer Shaw placed Appellant into custody. Officer McNicholas found the driver of the SUV, identified as Joseph Kohran, inside of the Wendy's bathroom. *Id.* at 91, 115.

Harrison and Michael Sharp traveled to the Wendy's. *Id.* at 47, 64. There, Harrison positively identified the SUV and Kohran, whom he recognized by the tattoo on his arm. *Id.* at 65. Michael Sharp positively identified his and his wife's jewelry, consisting of dozens of pieces, and one of his suitcases that were in the SUV. *Id.* at 47, 50.

On October 8, 2012 around 1:35 p.m., a search warrant was executed on the SUV. NOTES OF TESTIMONY, Trial, 3/14/2011, at 11. Detectives recovered a jewelry box from within a suitcase in the rear seat and other jewelry from the vehicle. *Id.* The vehicle, a bottle of

5

Mountain Dew in a front cup holder, and the recovered jewelry box were fingerprinted. *Id.* The fingerprint analysis on the jewelry box and exterior door revealed that the prints were from Appellant. *Id.* at 35. The fingerprints recovered from the soda bottle and the driver door came back to Kohran. *Id.*

The jury convicted Appellant of theft by unlawful taking, receiving stolen property, and conspiracy to commit burglary, and acquitted him of burglary. The jury also found that the total value of the stolen jewelry was greater than $2000, making the theft offenses felonies of the third degree. Prior to sentencing, the Court downgraded the thefts to second degree misdemeanors -- with a value between $50 and $200 -- because it did not believe the jury's finding as to valuation was supported by the record. The Court then sentenced Appellant to seven and one-half to sixteen years incarceration. The sentencing guidelines for his felony offense, with an offense gravity of 6 and a prior score of REFEL, was 27-40 months +/- 6.

## DISCUSSION

Appellant raises the following issues on appeal:

1) Whether this Court erred in denying the amended PCRA petition for the alleged ineffective representation of trial counsel for failure to:
   a. file a motion to quash or dismiss the charges
   b. failing to object to the verdict sheet
   c. failing to request a jury charge for conspiracy with multiple objectives
   d. failing to object when this Court allegedly changed the charge Appellant had been charged with
   e. failing to move for a directed verdict
   f. failing to object to the characterization of Joseph Kohran as a co-conspirator
   g. failing to object to sentencing procedures
2) Whether this Court erred in denying Defendant's PCRA petition without an evidentiary hearing.

In order to succeed on an ineffective assistance of counsel claim, Appellant must demonstrate that (1) his underlying claim has substantive merit; (2) counsel did not have a reasonable basis for his actions and (3) he was prejudiced as a result of counsel's deficient performance.

6

*Commonwealth v. Pierce*, 527 A.2d 973, 975, 977 (Pa. 1987); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984). It is well settled law in this Commonwealth that counsel is presumed to have been acting effectively. *Pierce*, 527 A.2d at 975 (*citing Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981)). "An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." *Commonwealth v. Saranchak*, 866 A.2d 292, 304 (Pa. Super. 2005). Counsel's chosen strategy will only be found to be unreasonable if Appellant can demonstrate that "an alternative not chosen offered a potential for success *substantially greater* than the course actually pursued." *Commonwealth v. Spotz*, 47 A. 3d 63, 76 (Pa. 2012) (*quoting Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (emphasis added).

The Pennsylvania Supreme Court has continually reiterated that an ineffectiveness claim cannot be satisfied simply by establishing that counsel had no reasonable basis or was ineffective. *Id.* Appellant must also satisfy the prejudice inquiry, namely that he was prejudiced as a result of counsel's inadequate performance. *Id.*; *see also Commonwealth v. Buhl*, 508 A. 2d 1167 (Pa. 1986). He must show that it is a reasonable probability that but for counsel's challenged act or omission the outcome of the proceedings would have been different. *Commonwealth v. Malloy*, 856 A. 2d 931, 855 (Pa. 2003), *cert. denied*, 540 U.S. 1115 (2004). Failure to satisfy any prong will result in the failure of the ineffectiveness claim. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super.2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005).

## I.    Trial counsel was not ineffective for failing to file a motion to quash or dismiss the charges.

Appellant contends that he asked trial counsel to file a motion to quash and a motion to dismiss after the preliminary hearing and counsel never responded. Appellant filed his own

7

motion to quash which trial counsel failed to address or preserve for appeal, and the issue was subsequently not included in his 1925(b) statement on direct appeal. For the reasons stated below, Appellant cannot demonstrate that he suffered prejudice as a result of counsel's omission and his claim on collateral review was rightly dismissed without an evidentiary hearing.

A petitioner must establish that the alleged ineffectiveness in the wake of the preliminary hearing undermined the truth-determining process essentially making the adjudication of guilt unreliable. *Commonwealth v. Lyons*, 568 A.2d 1266, 1269 (Pa. Super. 1989). In *Lyons*, the Commonwealth was granted leave of court to file an information without a preliminary hearing. *Id.* at 1267. The defendant filed a motion requesting a preliminary hearing which was subsequently denied by the trial court. *Id.* Trial counsel did not file a motion to quash the information. *Id.* After a bench trial, the defendant was found guilty of robbery and conspiracy. *Id.* The defendant alleged on collateral review that counsel was ineffective for failing to quash the information and failing to preserve the issue for direct appeal. *Id.*

The Superior Court found that the lack of a preliminary hearing did not impair the truth-determining process because "the case was tried and the evidence was submitted to the court which, as trier of the facts, found ... that the Commonwealth had established ... guilt ... beyond a reasonable doubt." *Id.* at 1268. The Superior Court, therefore, dismissed Appellant's claim because he could not demonstrate that he suffered prejudice as a result of counsel's omission. *Id.*

Here, Appellant alleges that he "suffered actual prejudice" for trial counsel's failure to (1) file the motion to quash or dismiss (2) failure to address his pro se motion and (3) failure of Appellant counsel to include the error in his 1925(b) statement on direct appeal. Appellant does not expand upon this notion in any detail nor does he provide any insight as to how the result of the proceeding would have been different but for trial counsel's omission. The case was tried and

8

the evidence was submitted to a jury who found, as the triers of fact, the Commonwealth proved Appellant's guilt on conspiracy to commit burglary, theft by unlawful taking, and receiving stolen property beyond a reasonable doubt. Therefore, the failure to file a motion to quash or a motion to dismiss did not impair the truth-determining process and Appellant has failed to demonstrate how he suffered prejudice as a result of counsel's omission.

**II.     Appellant was not prejudiced as a result of trial counsel's failure to object to the verdict sheet.**

Appellant's next alleges in his Amended Petition that "counsel was ineffective for failing to examine the verdict sheet regarding the conspiracy charge." This claim is baseless and must fail. Even assuming Appellant can satisfy the first two prongs of the *Pierce-Strickland* test, he is unable to demonstrate that counsel's inaction directly resulted in prejudice to him such that the outcome of the trial would have been different. The evidence presented, the argument made by both attorneys, and the instructions of this Court made it clear that Appellant was charged and subsequently found guilty of conspiracy to commit burglary.

Appellant was charged by information with various offenses on February 2, 2011 and February 7, 2011. Of the various offenses listed, the only inchoate crime charged was conspiracy to commit burglary. Beyond the specificity of the Bills of Information, both Appellant's attorney and the prosecution made argument demonstrating that the object of the conspiracy was burglary. Defense counsel stated that "they are charging him with burglarizing a home, with going into a home and stealing objects from people, and stealing objects from people, with conspiring with people to do that." (N.T., 3/14/12 at 66).

As the Superior Court noted in Appellant's direct appeal, this Court "provided clear jury instructions specifying the charge of conspiracy to commit burglary, made no mention of any other type of conspiracy, and the jury issued [an] unambiguous verdict." This Court charged the

9

jury on the elements of Conspiracy generally but only after introducing the charge with "[t]he defendant has been charged with *Conspiracy to commit Burglary*." NOTES OF TESTIMONY, Trial, 3/14/2011, at 16 (emphasis added). At the end of the general charge, the Court reiterated that "[t]o be proven guilty of being a conspirator, the defendant must have intended to act jointly with the other members of the conspiracy and must have intended that the crimes, *in this case burglary*, alleged to be the goal of the conspiracy would be committed." *Id.* at 19 (emphasis added). The Court specifically mentioned burglary two times when explaining the elements of conspiracy to commit burglary, and then explicitly stated the overt act in furtherance of conspiracy to commit burglary:

> In terms of conspiracy as is charged in this case, in order to find the defendant guilty of *conspiracy to commit burglary*, you must be satisfied the following three elements have been proved beyond a reasonable doubt: first, that the defendant agreed with another person or persons that one or more of them would engage in conduct for the planning and/or commission of the *crime of burglary*; second, that the defendant and the other person or persons intended to promote or facilitate the committing of a burglary . . . In this case the Commonwealth is alleging that the *overt act in furtherance of the conspiracy was entering the property on Convent Lane and actually taking the property of the residents there.*

*Id.* at 20 (emphasis added).

These specific instructions left the jury no room to speculate or choose between "theft, receiving stolen property, or burglary." Although the verdict slip charged only Conspiracy generally, the Court specified burglary as the object of the conspiracy four times and made no mention of any other type of conspiracy.

In support of his contention that Appellant suffered prejudice as a result of trial counsel's failure to object to the verdict sheet, Appellant simply states that he "suffered actual prejudice as a result of counsel's failure to properly represent him." (Amended Petition at 12). Simply stating that he suffered prejudice is not enough for Appellant to overcome his burden. "Unsupported

10

speculation does not establish reasonable probability." *Commonwealth v. Charleston*, 94 A.3d 1012, 1025 (Pa. Super. 2014).

Appellant also incorrectly states that "all of this confusion arose because trial counsel did not seek to clarify the court's ambiguous jury charge and the failure of counsel to clarify the object of the conspiracy on the verdict sheet." (Amended Petition at 12). For the reasons stated above, the instructions provided by this court were not ambiguous. Further, trial counsel placed on the record his concern that the verdict sheet did not contain the objective of the conspiracy.

> **MR. RILEY:** I don't know if now is the correct time to put something on the record about that. I know that the Bills of Information do say criminal conspiracy to commit burglary, F1. The juror's form says criminal conspiracy generally. It does not say any specific objective. I know Your Honor did instruct that the overt act was a commission of the burglary, but other than that, I am not so sure Your Honor said in your instructions ever criminal conspiracy to commit burglary.
>
> **THE COURT:** I did several times.
>
> **MR. RILEY:** I just wanted to be clear about that.
>
> **THE COURT:** I understand. I am crystal clear in my mind that I did do that.

N.T., 3/14/12 at 115.

Therefore, Appellant cannot demonstrate that the proceedings would have been different had trial counsel requested the word "burglary" next to the conspiracy charge on the verdict sheet nor that counsel was ineffective because he recognized that the verdict sheet did not state the specific objective of the conspiracy.

III. **Trial counsel was not effective for failing to request a charge on Conspiracy with multiple objectives and for failing to object when the "offense for which he was convicted as wrongfully changed by the trial court."**

Appellant next alleges that trial counsel was ineffective for failing to request a jury charge "in accordance with the appropriate elements of the criminal conspiracy statute with multiple criminal objectives" and for failing to object "when the offense for which he was

11

convicted was wrongfully changed by the trial court." (Amended Petition, at 10) (Supplemental Petition at 1).

First, this Court never changed or amended the crimes which Appellant was charged with. The jury unambiguously found Appellant guilty of conspiracy to commit burglary, theft by unlawful taking, and receiving stolen property. N.T., 3/14/12 at 107-108. Between the date Appellant was charged and the date that the jury rendered their verdict, no charges were amended or otherwise changed.

Appellant believes that *Commonwealth v. Neal* is analogous to the present case. 418 A.2d 378 (Pa. Super. 1980). In *Neal*, the defendant was indicted by grand jury pursuant to 18 Pa.C.S.A Section 3701(a)(1)(iii). *Id.* at 379. The evidence at trial produced by the Commonwealth would have supported a verdict under 18 Pa.C.S.A Section 3701(a)(1)(ii), but not the section under which the grand jury had indicted the defendant. *Id.* The trial judge *sua sponte* charged the jury to match the evidence that was produced at trial and defense counsel unsuccessfully objected. *Id.* The Superior Court found that the original and amended indictments charged different offenses which would require the proof of different elements. *Id.* at 380. The defendant's sentence was reversed and the robbery conviction was vacated. *Id.*

Here, there is absolutely nothing in the record to support Appellant's contention that this Court *sua sponte* changed the crime that he was subsequently convicted of. Charges were initiated against Appellant by Bills of Information. Of the numerous charges listed therein, the only inchoate crime was Count 2, conspiracy as a felony in the first degree. Listed on the Bill of Information as the criminal objective of the conspiracy is burglary. No other crime is listed as the criminal objective. Unlike *Neal*, where the judge charged the jury on a different subsection of the robbery statute, this court unambiguously charged the jury on conspiracy to commit burglary.

12

Similarly, Appellant's allegation that this Court amended the indictment to conform to the evidence presented at trial is baseless.

Similarly, trial counsel was not ineffective for failing to request a charge of conspiracy with multiple objectives. Appellant was charged only with conspiracy to commit burglary. As articulated *supra*, this Court's instructions, the evidence presented at trial, and counsels' arguments made clear to the jury that they were only supposed to consider whether Appellant had conspired with another person to commit burglary. Trial counsel was not required to request a jury instruction concerning criminal conspiracy "with multiple criminal objectives" when it was clear that the specific objective of the conspiracy was burglary.

## IV. Trial counsel was not ineffective for failing to move for a directed verdict as to the conspiracy charge

Appellant's next contention is that the evidence presented at trial was insufficient to support his conspiracy conviction. Appellant's argument seems to be two-fold: (1) that the evidence was insufficient because there was no testimony about an agreement and (2) that because the charges against Joseph Kohran were dismissed at the preliminary hearing level, Appellant could not have been tried and convicted of conspiracy. For both these reasons, Appellant alleges ineffective assistance because trial counsel failed to move for a directed verdict. He is incorrect.

A motion for directed verdict, i.e., a motion for judgment of acquittal, is warranted if "the prosecution's evidence, and all inferences arising therefrom, considered in the light most favorable to the prosecution are insufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged." *Commonwealth v. Finley*, 383 A.2d 1259, 1260 (Pa. 1978). When the evidence is sufficient to prove a defendant's guilt, trial counsel cannot be ineffective for failure to move for a directed verdict. The standard for a directed verdict is identical to a

13

determination of sufficiency of the evidence. *See Commonwealth v. Hall*, 701 A.2d 190, 195 (Pa. 1997), *cert denied*, 523 U.S. 1082 (1998) (reviewing sufficiency of the evidence is a determination of whether the evidence, and all reasonable inferences arising therefrom, viewed in the light most favorable to the verdict winner are sufficient to establish all the elements of the crime charged).

## A. The dismissal of charges against Joseph Kohran had no bearing on Appellant's subsequent prosecution

Appellant contends that there was insufficient evidence because "there was no co-conspirator....[because] the charges against Joseph Korhan had been dismissed at the preliminary hearing." However, simply because Korhan was not tried or there was not a finding of guilt as to his participation in the conspiracy does not mean that the relief requested by Appellant is due.

A co-conspirator does not need to be convicted for the Commonwealth to introduce evidence at a subsequent trial against the other co-conspirator. In *Commonwealth v. Phillips*, the defendant was tried by jury and found guilty of robbery, criminal conspiracy to commit robbery, and aggravated assault. 601 A.2d 816, 819 (Pa. Super. 1992). On appeal, the defendant alleged that the trial court erred by denying his motion for directed verdict on criminal conspiracy because his co-conspirator was previously acquitted on the charge of conspiracy. *Id.* The Superior Court disagreed with Appellant and held that a prior acquittal of a co-conspirator does not automatically afford relief to the co-conspirator that has yet to be tried. *Id.* at 337. Nor does the prior acquittal of a co-conspirator preclude a finding of guilt against him. *Id.*

Although *Phillips* dealt with a co-conspirator that had been previously acquitted, the same logic must flow to a case in which a co-conspirator's case is dismissed at the preliminary hearing stage. An acquittal is a legal finding that the evidence is insufficient to convict.

14

*Commonwealth v. Bell*, 146 A.3d 755, 764 (Pa. 2016). An acquittal serves as an absolute bar to any subsequent prosecution for the same offense. *Id.* The dismissal of charges at a preliminary hearing lacks finality and is not subject to the protection of double jeopardy. Charges are dismissed at preliminary hearings for various reasons, only one of which might be insufficiency of the evidence. If a co-conspirator can be found culpable after his co-conspirator is acquitted then certainly a co-conspirator can be found culpable after his charges at dismissed at a preliminary hearing. Therefore, trial counsel cannot be ineffective for failing to move for a directed verdict based on the fact that the charges against Joseph Kohran were dismissed at the preliminary hearing level.

## B. There was sufficient evidence for a jury to find that Appellant conspired to commit burglary

Appellant next alleges that there was "no testimony that [he] entered into an agreement with anyone" and therefore the evidence was insufficient. (Amended Petition at 11). Appellant's contention is misguided. The Commonwealth sufficiently proved through circumstantial evidence that there was an agreement between Appellant and Joseph Kohran to burglarize the Sharpe residence. Even though Appellant raised a similar sufficiency of the evidence argument on direct appeal, the PCRA court is still required to determine whether this claim had arguable merit on collateral appeal. Appellant's claim fails on collateral review for the identical reasons set forth in Appellant's direct appeal.

When an issue alleged on PCRA appeal has been previously litigated on direct appeal the claim may fail under the merit or prejudice prongs of the *Pierce-Strickland* test. *See Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005). On direct appeal, Appellant argued that the evidence was insufficient to support the charge of conspiracy to commit burglary. The

15

Superior Court found no merit to this argument and noted that there was sufficient evidence presented by the Commonwealth to establish the crime of conspiracy to commit burglary.

Appellant claims that the "jury found him not guilty of burglary which would indicate that he did not participate in that crime at all." (Second Amended Petition at 12). This statement is completely unfounded because the jury was not required to find Appellant guilty of both conspiracy to commit burglary and burglary. A person commits the crime of conspiracy if, with the intent of promoting or facilitating its commission, he agrees to aid another person in the planning or commission of a crime. 18 Pa. C.S.A. Section 903(a)(2). The agreement may be "inferred from a variety of circumstances." *Commonwealth v. Perez*, 931 A.2d 703, 708 (Pa. Super. 2007). An agreement to support a conspiracy conviction can be sustained solely through circumstantial evidence. *Id.*

As affirmed by the Superior Court, the circumstantial evidence presented a trial established a sufficient basis for the jury to conclude that Appellant conspired with Joseph Koran to burglarize the Sharp residence. In the short amount of time that the burglary was committed, an SUV parked at the house, and a passenger alit from the vehicle and appeared to scope out the residence and signal to another person in the backyard. The SUV then left the location only to return a few moments later. A few hours later, the vehicle is located several miles away: the previous driver is on location and Appellant is found in the back seat inspecting the proceeds of the burglary. The driver's and Appellant's fingerprints were found on the car and the proceeds. Therefore, there was sufficient evidence to demonstrate that Appellant conspired to commit burglary. Because there was sufficient evidence presented to demonstrate that Appellant conspired to commit burglary, trial counsel was not ineffective for failing to move for a directed verdict on the conspiracy charge.

16

## V.     Trial counsel was not ineffective for failing to object to the characterization of Joseph Kohran as a co-conspirator

Appellant's next contention regarding trial counsel is that he failed to object "to the prosecutor eliciting testimony from Commonwealth witnesses that portrayed Joseph Kohran as a co-defendant/co-conspirator." (Amended Petition at 12). Appellant does not expound upon his claim in any way and fails to explain how the testimony elicited was improper.

In support of this underdeveloped statement, Appellant cites to various portions of the record. It should be noted that nearly all of these portions where the Commonwealth elicited testimony to demonstrate the relationship between Appellant and Joseph Kohran. The Commonwealth was required to establish that Appellant conspired with Joseph Kohran to burglarize the Sharpe residence. In order to prove beyond a reasonable doubt that Appellant committed the crime of conspiracy to commit burglary, the Commonwealth had the burden to demonstrate that Appellant participated in the crime with another person. *Commonwealth v. Campbell*, 651 A.2d 1096, 1099 (Pa. 1994). Characterizing Joseph Kohran as Appellant's co-conspirator was not only proper, but was necessary in order for the Commonwealth to sustain their burden.

Appellant is correct in his contention that Joseph Kohran was referenced as a co-defendant during Appellant's jury trial. (N.T. 3/13/12 at 28, 30; N.T. 3/14/12 at 16, 27, 74, 75). However, even assuming, *arguendo*, that trial counsel should have objected to the characterization of Joseph Kohran as a co-defendant, Appellant does not develop his claim any further. He does not formulate any semblance of an argument to demonstrate by a preponderance of the evidence that the failure to object means that trial counsel's performance fell below the required standard. Trial counsel could have failed to object to object to this characterization for a number of reasons.

17

Further, given the plethora of evidence presented there is no reasonable probability that the outcome of the proceeding would have been different but for counsel's failure to object to Joseph Kohran being called a co-defendant. Appellant's claim must fail.

## VI. Trial Counsel was Not Ineffective to Failing to Object to Proper Sentencing Procedures

In his Supplemental Amended PCRA Petition, Appellant alleges that trial counsel failed to object to this court's sentencing procedures and his failure to object was ineffective assistance of counsel. Appellant claims that his sentence was made in violation of Pennsylvania Rule of Criminal Procedure 705 because "the court never stated the date when the sentence would commence" and "the court never stated whether it would run concurrently or consecutively to a prior offense" that he was already serving time on.

On April 25, 2012, Appellant was sentenced to a period of incarceration in the state of seven and half to 16 years on the conspiracy to commit burglary and no further penalty on the theft by unlawful taking and receiving stolen property charges. N.T. 4/25/12 at 30-31. At the time that he was arrested for this incident he was on state parole. N.T. 4/25/12 at 20. It is therefore unclear what Appellant's ineffective assistance of counsel claim is based on if Appellant was not serving time on another case at the time that he was sentenced. Further, Appellant cannot demonstrate that but for trial counsel's failure to object sentencing would have had a different outcome.

## VII. Trial counsel was not ineffective for failing to object to the admission of Joseph Kohran's photograph.

Similar to Appellant's previous underdeveloped claims, he declares that trial counsel was ineffective for failing to object to the introduction of Joseph Kohran's "mug shot" and for not requesting authentication of the photograph *in camera*. (Amended Petition at 12). Appellant

18

states broadly that there was "no reasonable basis" but fails to articulate how he suffered prejudice as a result of trial counsel's failure to object. Appellant makes no claim that the photo was not authentic nor does explain why its admission was improper.

During the Commonwealth's case in chief, a photograph of Joseph Kohran was shown to Detective Antony Krebs and was marked as Exhibit C-19.

> **MS. McHALE:** Did you see the co-defendant?
>
> **DETECTIVE KREBS:** I did.
>
> **MS. McHALE:** If the witness can please be shown C-19, please.
>
> **THE COURT CRIER:** Previously marked C-19. Showing C-19 to the witness.
>
> **MS. McHALE:** Detective, does C-19, the photograph of the codefendant, does that accurately reflect what the codefendant looked like the day you saw him on October 7, 2010?
>
> **DETECTIVE KREBS:** Yes, Joseph Korhan.

N.T., 3/14/12 at 16.

At the conclusion of its case, the Commonwealth moved C-19 into evidence. The picture of the co-defendant was never shown to the jury. Without more than the two-sentence statement by Appellant in his Amended PCRA Petition, this Court is left to speculate as to how the admission of the photograph into evidence was improper and how counsel was ineffective for failing to object to its admission. Further, there is nothing in the Pennsylvania Rules of Evidence nor the Pennsylvania Rules of Criminal Procedure that requires an *in camera hearing* to determine the authentication of a photograph of an alleged co-conspirator.

## VIII. This Court did not err in failing to hold a PCRA evidentiary hearing.

Appellant claims that this Court erred in failing to hold a PCRA evidentiary hearing. This claim, like the others asserted in Appellant's Amended and Supplemental PCRA petitions, is unfounded and must fail.

19

Under Pennsylvania Rule of Criminal Procedure 907, the court has discretion to dismiss a PCRA petition without a hearing when "the judge is satisfied from…review that there are no genuine issues of material fact and that the defendant is not entitled to post-collateral relief and no purpose would be served by any further proceedings." Pa.R.Crim.Pro. 907(1). It is well established that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issue of material fact exists then a hearing is not necessary." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008) (citing *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008). A petition is rightly dismissed when "the pleadings are insufficient to state a claim for post-conviction relief." *Commonwealth v. Clark*, 961 A.2d 880 (Pa. 2008). As such, this Court properly determined, based on the assertions contained in Appellant's petitions that the pleadings were insufficient to state a claim for post-conviction relief.

## CONCLUSION

Given the applicable statutes, testimony, case law, and law of this case, the PCRA petition was properly dismissed. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

Michael E. Erdos

**MICHAEL ERDOS, J.**

Date: April 5, 2017

20