J-S05004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK BAYNES | : | |
| | : | |
| Appellant | : | No. 2941 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005432-2018

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: Filed: May 13, 2021

Frederick Baynes appeals from his August 1, 2019 judgment of sentence of eight and one-half to seventeen years of incarceration followed by three years of probation, which was imposed after he was convicted of aggravated assault and possession of an instrument of crime ("PIC"). We affirm.

The facts giving rise to Appellant's conviction were summarized by the trial court:

> On the morning of June 4, 2018, the Complainant (Celestine Braaf) arrived at her work office located at 22nd Street and Toronto Street in the City of Philadelphia, where she was surprised to find the Appellant sitting on the steps outside of the office. The Complainant and the Appellant had known each other since they were children and had dated for approximately [three] months before ending their relationship three days prior to the incident. The Complainant stated that the relationship ended cordially, and she had no reason to suspect ill will from the Appellant.
>
> The Appellant told the Complainant that he needed to print some documents for his therapy sessions and asked to use her

work computer. The Complainant permitted the Appellant to enter the office. Once inside, the Complainant sat at her desk with her back to the Appellant as he began to print his documents. Approximately [twenty] to thirty minutes later, the Appellant approached the Complainant from behind and began striking her multiple times in the head with a hammer he had taken into the building.

In a state of shock, the Complainant raised her hands to protect her head. As blood poured from her wounds, she screamed, "What are you doing?" and "Stop!" Apart from the Appellant, the Complainant was the only person in the office. The Complainant then retreated under her desk, as the Appellant yelled "Come in the back, stop screaming . . . I'm going to kill." Even though both of her hands had been injured when the Appellant struck them with the hammer, she came from under the desk to better defend herself. As she emerged, the Appellant continued to yell "I'm going to kill . . . You're going to die today . . . Do you want that n---er?" When the Appellant tried to strike her again, the Complainant grabbed the hammer until she ran outside.

The Complainant tried to enter a nearby masjid before running to a neighbor's house. After she kicked the door, an occupant in the house called the police. The police later took the Complainant's statement and had her transported to Temple University Hospital. She was treated at the hospital for **a frontal skull and left ring-finger fractures, multiple lacerations on her head, and two right-hand metacarpal fractures**.

Trial Court Opinion, 6/11/20, at 3-4 (footnotes omitted and emphases in original).

Following a January 16, 2019 jury trial, Appellant was convicted of the aforementioned offenses. He was sentenced on August 1, 2019, and he filed a timely post-sentence motion. The trial court denied the motion on

September 27, 2019, and Appellant filed a timely appeal.[1]  Appellant and the

trial court complied with Pa.R.A.P. 1925, and the matter is ripe for our review.

Appellant presents three issues:

1. Was not the evidence insufficient for guilt on all charges, insofar as the evidence of guilt was so unreliable and contradictory as to make any verdict based upon it a matter of conjecture?

2. Was not the evidence insufficient for guilt on the charge of aggravated assault, causing serious bodily injury insofar as serious bodily injury was not proved beyond a reasonable doubt and the jury was not charged on aggravated assault -- attempts to cause serious bodily injury?

3. Did not the lower court abuse its discretion in sentencing [A]ppellant where it failed to take into account the overwhelming evidence of severe sexual and physical trauma suffered by appellant and otherwise failed to sentence in accordance with the dictates of 42 Pa. C. S. § 9721(b)?

Appellant's brief at 4.

Appellant maintains that this is one of the rare instances where witness

testimony is so contradictory as to be unreliable and incapable of supporting

a finding of guilt.  **See** Appellant's brief at 21 (citing **Commonwealth v.**

**Karkaria**, 625 A.2d 1167, 1170 (Pa. 1993)).  He contends that here, as in

**Karkaria**, there is no meaningful corroboration whatsoever from physical

evidence or other witness testimony, and that the only evidence of guilt comes

from the statements and testimony of Complainant.  **Id**. at 26.

---

[1] Appellant filed a notice of appeal while the post-sentence motion was pending.  We treat such premature notices of appeal as having been filed after the denial of the post-sentence motion pursuant to Pa.R.A.P. 905(a)(5).  **See Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011).

Appellant's claim is presented as a challenge to the sufficiency of the evidence.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019).

Preliminarily, certain principles inform our review. "[A] review of the sufficiency of the evidence does not include an assessment of the credibility of the testimony; such a claim goes to the weight of the evidence."[2]

_____

[2] Appellant filed a post-sentence motion in which he alleged that the verdict was against the weight of the evidence. In that motion, he argued that, due to inconsistencies between the witnesses' testimony and the video, the verdict shocked the conscience. Appellant did not, however, preserve a weight

*(Footnote Continued Next Page)*

- 4 -

***Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa.Super. 2009). Furthermore, the uncorroborated testimony of the victim alone is legally sufficient to support a verdict if the fact finder believes it. ***See Commonwealth v. Johnson***, 180 A.3d 474, 479 (Pa.Super. 2018).

The certified record belies Appellant's contention that the Commonwealth's evidence is so contradictory as to be unreliable and incapable of supporting a finding of guilt. Complainant testified that Appellant hit her eight to fourteen times with the hammer. Video surveillance confirms that Appellant was present with Complainant when the attack occurred. The nature of her injuries, *i.e.*, a fractured skull, fractured hands and finger, are consistent with her account of the assault and the medical records. Appellant's claim that, "[h]ere, as in ***Karkaria***, there is no meaningful corroboration whatsoever from physical evidence or other witness testimony - the only evidence of guilt comes from the statements and testimony of Ms. Braaf[,]" is refuted by the record. Appellant's brief at 26. Moreover, the inconsistencies alleged by Appellant are either not supported by record, explained away by the testimony, or irrelevant to the nature of the attack on Complainant. No relief is due on this claim.

Nor do we find any merit in Appellant's contention that the Commonwealth failed to establish that Complainant sustained the serious

---

challenge in his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

bodily injury required for a conviction of aggravated assault. He asserts that "several cuts on the head that were sutured, a frontal skull fracture which caused no loss of consciousness, no underlying contusions and no hemorrhage[,]" a broken ring finger on her left hand that did not heal properly, and two metacarpal fractures on her right hand, do not rise to the level of serious bodily injury. Appellant's brief at 27. According to Appellant, the injuries did not create "a substantial risk of death" or cause "serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id*. (quoting 18 Pa.C.S. § 2301 (defining serious bodily injury)). He argues that while she may have suffered an impairment of the function of her ring finger, it was determined in the civil case of *Long v. Mejia*, 896 A.2d 596, 600 (Pa.Super. 2006), that a broken finger was not a serious impairment to those who were not violinists or neurosurgeons. He contrasts cases where serious bodily injury was found. *Id*. at 29. *See e.g. Commonwealth v. Nichols*, 692 A.2d 181, 184 (Pa.Super. 1997) (jaw wired shut for six weeks was serious bodily injury); *Commonwealth v. Cassidy*, 668 A.2d 1143, 1145 (Pa.Super. 1995) (serious bodily injury where victim faded in and out of consciousness and had to wear a body brace for two months).

Appellant finds the instant case analogous on its facts with *Commonwealth v. Cavanaugh*, 420 A.2d 674 (Pa.Super. 1980), where this Court found only an attempt to cause serious bodily injury although the victim

had been repeatedly struck on the head with a tire iron, nine sutures were required to close the wounds, and the victim needed surgery to repair a fractured orbital socket. **See also Commonwealth v. Aycock**, 470 A.2d 130 (Pa.Super. 1983) (finding no serious injury where victim struck on the head with an eighteen-inch piece of steel and required twenty-seven sutures).

Nor, according to Appellant, can the conviction be sustained based on proof of an attempt to cause serious bodily injury. While Appellant seems to concede that the evidence would support conviction under that theory, he maintains that he was not charged in the criminal information with aggravated assault for the attempt to cause serious bodily injury. Furthermore, he cites **Commonwealth v. Kopp**, 591 A.2d 1122, 1127 (Pa.Super. 1991), for the proposition that since the trial court did not instruct the jury on attempting to cause serious bodily injury, that claim cannot support the aggravated assault conviction.

The Commonwealth counters that, by asking this Court to discount the severity of Complainant's injuries, Appellant is requesting that we view the evidence in his favor, contrary to our standard of review. Furthermore, the Commonwealth contends that the record contains evidence of serious bodily injury. At the time of trial, more than seven months after the attack, Complainant had a visible dent and scars on her head, suffered from headaches, and could not move her right ring finger. **See** Commonwealth's brief at 12. Moreover, the Commonwealth points out that Appellant was

charged in the criminal information with aggravated assault – attempting to cause or causing serious bodily injury. While the trial court did not instruct the jury on the attempt provision of the subsection, the Commonwealth argues that the record supports conviction of aggravated assault on such a theory, and that we may affirm on this basis. Specifically, the Commonwealth highlights the evidence that Appellant repeatedly struck Complainant's head with hammer, a deadly weapon, fracturing her skull.[3] When she raised her hands in defense, he continued to strike them with the hammer while uttering threats to kill her, fracturing her hands and finger. *See* Commonwealth's brief at 9-10.

Our review of the record confirms that Appellant was charged in the criminal information with aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), which includes both attempting to cause serious bodily injury or causing serious bodily injury. *See* Criminal Information, 8/1/18, at 1. Appellant's claim to the contrary is mistaken. Aggravated assault pursuant to

---

[3] A "deadly weapon" is defined as

> Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

18 Pa.C.S. § 2301. Our Supreme Court has noted that "[a]n ax, a baseball bat, an iron bar, a heavy cuspidor, and even a bedroom slipper have been held to constitute deadly weapons under varying circumstances." *Commonwealth McCullum*, 602 A.2d 313 (Pa. 1992).

§ 2702(a)(1), is committed either when one "attempts to cause serious bodily injury" or "causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). As we reaffirmed in **Commonwealth v. Fortune**, 68 A.3d 980, 985 (Pa.Super. 2013) (*en banc*), "an attempt under subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury." (quoting **Commonwealth v. Matthew**, 909 A.2d 1254 (Pa. 2006). The specific intent to cause serious bodily injury can be inferred from the use of a deadly weapon on a vital part of the body such as the head. **See Commonwealth v. Nichols**, 692 A.2d 181, 184 (Pa.Super. 1997); **see also Commonwealth v. Pandolfo**, 446 A.2d 939, 941 (Pa.Super. 1982) (holding blows to a portion of the body as vital as the head exhibited intent to inflict serious bodily injury).

Serious bodily injury is defined in 18 Pa.C.S. § 2301, as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." When the victim suffers serious bodily injury, the Commonwealth need not prove specific intent for aggravated assault. **Commonwealth v. Palmer**, 192 A.3d 85, 103 (Pa.Super. 2018). The

Commonwealth must only prove the defendant acted recklessly under circumstances manifesting an extreme indifference to the value of human life. *See Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa.Super. 2007) (*en banc*).

Herein, the trial court instructed the jury only on aggravated assault based on "serious bodily injury," and the jury found Appellant guilty of that offense. There is no indication in the certified record that the trial court refused to charge the jury in accordance with "attempts to cause serious bodily injury" language or that such a charge was not warranted. It appears to have been an inadvertent omission.[4] Nonetheless, we find the record supports the jury's finding that Complainant sustained serious bodily injury.

_____

[4] *Commonwealth v. Kopp*, 591 A.2d 1122, 1127 (Pa.Super. 1991), offers no support for Appellant's contention that since the trial court did not instruct the jury on attempting to cause serious bodily injury, that theory cannot support the aggravated assault conviction herein. In *Kopp*, although the Commonwealth charged the appellant in the criminal indictment with aggravated assault under § 2702(a)(1), (2), (3), and (4), it subsequently filed a bill of particulars in which it stated that it intended to prosecute the appellant for aggravated assault under only "18 Pa.C.S.A. § 2702(a)(3) and (4)." At trial, the Commonwealth introduced testimony from the injured police officer's treating physician that the officer suffered "serious bodily injury," but failed to offer evidence establishing guilt under subsections 2702(a)(3) or (4). At the close of the Commonwealth's case, the defense demurred. The Commonwealth responded by stating its belief that the assault fell within § 2702(a)(1) and (2), and the trial court charged the jury under those subsections even though they had not been listed in the bill of particulars. This Court reversed, holding that permitting the Commonwealth to proceed beyond the scope of the bill of particulars substantively changed the elements and grade of the offense, and rendered the purpose and function of the bill of particulars meaningless. Nothing in the certified record in the instant case

*(Footnote Continued Next Page)*

- 10 -

The medical records introduced into evidence confirm that Complainant suffered a fractured skull for which she spent at least three nights in the hospital's intensive care unit ("ICU"). *See* Exhibit C7 and D3. The jury could reasonably infer from this fact alone that the head injury presented a substantial risk of death or permanent injury. Furthermore, she suffered permanent disfigurement in the form of a dent and scarring on her head from the impact of the hammer and the staples used to close the wounds. Finally, she has permanently lost the use of her right ring finger and remains debilitated by headaches. The evidence was legally sufficient to support the jury's verdict, and no relief is due on this claim.

Appellant's final issue is a challenge to discretionary aspects of his sentence. He alleges that "[t]he sentencing court here neither addressed societal concerns or [A]ppellant's rehabilitative needs[,]" and that the sentence imposed "is contrary to the fundamental norms underlying the sentencing process, violated the sentencing code and is manifestly unreasonable and excessive." Appellant's brief at 34.

The law is well settled that an appellant is not entitled to review of a discretionary sentencing claim as of right. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Before we may reach the merits of such an issue, we conduct a four-part analysis to determine:

---

suggests an analogous representation by the Commonwealth that it was foregoing an attempt conviction.

1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, **see** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, **see** 42 Pa.C.S. § 9781(b).

**Id**. at 170 (citation omitted).

In the case before us, Appellant filed a timely appeal, a post-sentence motion raising the issue, and included a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Thus, he has met the technical requirements for review of a discretionary sentencing claim. The only remaining question is whether Appellant has made a colorable argument that his sentence is either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms governing sentencing. **See Commonwealth v. Diehl**, 140 A.3d 34, 44-45 (Pa.Super. 2016).

Appellant maintains that his claim that the trial court imposed a sentence grossly disproportionate to his crimes without considering his background, a relevant sentencing factor under 42 Pa.C.S. §9721(b), presents a substantial question. The sentencing court's failure to address all relevant sentencing criteria presents a plausible argument that the sentence is "contrary to the fundamental norms which underlie the sentencing process." Appellant's brief at 18-19 (citing **Commonwealth v. Parlante**, 823 A.2d 927, 928 (Pa.Super. 2003) and **Commonwealth v. Mouzon**, 812 A.2d 617, 622 (Pa. 2002)). Since we have previously concluded that such claims present a

- 12 -

substantial question, we find Appellant is entitled to review. *See Commonwealth v. Derry*, 150 A.3d 987, 994-95 (Pa. Super. 2016) (holding claim that a VOP sentencing court failed to consider the factors under 42 Pa.C.S. § 9721(b) raised a substantial question). *See also Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super. 2011) (claim of excessiveness coupled with averments that the trial court deviated from sentencing norms raise a substantial question); *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super. 2005) (same).

We conduct our review mindful that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014). Moreover, this Court may only vacate a sentence that is within the guidelines if the sentencing court applied the guidelines erroneously or the application of the guidelines was clearly unreasonable. *See* 42 Pa.C.S. § 9781(c).

The substance of Appellant's claim is that the court failed to address on the record societal concerns or Appellant's rehabilitative needs. He contends that this was a violation of the Sentencing Code and resulted in a sentence that is "manifestly unreasonable and excessive." Appellant's brief at 34. Appellant complains that the sentencing court gave "very short shrift to the overwhelming evidence of severe sexual and physical trauma suffered by [A]ppellant and his rehabilitative needs arising therefrom." *Id*. at 35. He

maintains that if the court had taken these facts and his rehabilitative needs into consideration, it would have sentenced him in the mitigated range, *i.e.*, below the standard range minimum of eight and one-half years. *Id*.

Appellant acknowledges that such facts were presented to the trial court, and that the court stated that it considered them. However, since the court did not specifically repeat on the record the specifics of the sexual abuse suffered by Appellant, he argues that the court did not set forth adequate reasons for not imposing a sentence in the mitigated range.

We note preliminarily that there is no requirement that the sentencing court state on the record every fact that it considered in reaching its decision. The trial court stated prior to imposing sentence that it had reviewed the presentence investigation. *See* N.T. Sentencing, 8/1/19, at 47. Where the sentencing court has the benefit of a presentence investigation report, "we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa.Super. 2013).

Furthermore, the court stated on the record that Appellant's prior record score was that of a repeat felony offender, and that the offense gravity score ("OGS") for aggravated assault causing serious bodily injury was eleven. It recited the sentencing guidelines for aggravated assault, with and without the deadly weapon enhancement, and for PIC. The Commonwealth urged the Court to impose a sentence of ten to twenty years of imprisonment.

The defense submitted Exhibit D1, a mitigation package, Exhibit D2, the mental health evaluation, and Exhibit D3, the presentence investigation report. The defense also elicited testimony from the social worker who had prepared the mitigation package, Kate Rowland. She described Appellant's history of sexual abuse, suicide attempts, and a mental health diagnosis of bipolar one disorder, which includes mania and depressive phases, schizophrenia, major depressive disorder, and post-traumatic stress disorder ("PTSD"). N.T. Sentencing, 8/1/19, at 26. Ms. Rowland testified that Appellant had tried to hang himself in his cell on the day he was arrested for these crimes.

Defense counsel pointed out that despite his mental health issues, Appellant was able to maintain steady employment and get his GED. He functioned well when he was on his medications. Counsel clarified that Appellant's earlier conviction had been for bank robbery, not armed robbery, as he did not have a weapon. The defense requested a mitigated range sentence of six to twelve years of imprisonment.

The Commonwealth countered the defense's mitigation request with argument that the assault was premeditated. Counsel for the Commonwealth reminded the court that Appellant brought a hammer, waited for his victim for twenty minutes, and bludgeoned her multiple times with the hammer. Appellant's words uttered at the time indicated that he was angry that she had moved on to a relationship with another man.

- 15 -

Appellant exercised his right of allocution and expressed remorse for his conduct. The court stated that it had already reviewed the victim impact statement, the presentence report and addenda, and took a recess to consider all information presented at the hearing that day, including the mental health report. Upon return, the court imposed a sentence of eight and one-half to seventeen years of imprisonment on the aggravated assault charge, followed by three years of probation on the PIC charge. *Id*. at 47. The court ordered Appellant to pay court costs and fines, awarded him credit for time served, and ordered another mental health evaluation to ensure that Appellant receive proper treatment and therapy while in custody. *Id*. at 48.

Thus, the certified record refutes any notion that the sentencing court failed to take into consideration Appellant's mitigation evidence or his rehabilitative needs. In addition to reviewing the contents of a presentence investigation report and considering the severity of the victim's injuries, the court heard testimony about Appellant's mental health diagnoses, history of sexual abuse, and his rehabilitative needs. The sentence imposed for aggravated assault fell at the low end of the standard range under the guidelines. We find no abuse of discretion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21